MARIA GUMP

*v.*

WALTER GOWANS *et al.*

*Opinion filed April 18, 1907.*

1. WILLS—*law does not prescribe any particular form for will.* An instrument reduced to writing and signed and attested in the presence of the testator or testatrix, in the presence of two or more witnesses, and which sufficiently manifests the intention of the maker to dispose of his estate after death, is entitled to probate upon the statutory proof being made.

2. SAME—*when a deed is not entitled to probate as a will.* A deed signed by the grantor and her husband and acknowledged before a notary public is not entitled to probate as a will, even though the notary be treated as a subscribing witness and the husband testifies that he was present and saw his wife sign the deeds and that she saw him sign them.

3. SAME—*term "credible" means "competent," as applied to attestation of wills.* The term "credible," as applied to subscribing witnesses to a will, means "competent," and the competency of the witness is to be tested by his status at the time of the attestation, and not at the time when the will is presented for probate.

4. SAME—*husbands and wives are not competent subscribing witnesses to each other's wills.* The incompetency of husbands and wives to testify for or against each other applies to the attestation of wills, and the disqualification as respects wills is not removed by the provisions of the act relating to evidence.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

L. D. TURNER, for plaintiff in error.

FREELS & JOYCE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 11, 1902, Mary A. Gowans made her last will and testament by which she devised certain tracts of land owned by her, and on the same day she signed and

acknowledged five warranty deeds, in which her husband, Walter Gowans, joined, purporting to convey to the grantees named therein other tracts of land not devised by the will, reserving to herself the use, benefit and control of the said lands during her life, and reciting in each a consideration of love and affection and five dollars. The will and deeds were kept by her in a candle-box in her residence and the deeds were never delivered. She died on June 11, 1905, and on June 23, 1905, Walter Gowans filed in the probate court of St. Clair county his petition for the probate of the will. A cross-petition was afterward filed, alleging that the deeds were executed as required by law in case of wills, and praying that they should be admitted to probate. The probate court admitted the will to probate but denied probate of the other instruments, and on appeal to the circuit court a like order was made. A writ of error was sued out of this court to review the order of the circuit court.

The law does not prescribe any particular form for a will, but only requires that it shall be reduced to writing and signed and attested, in the presence of the testator or testatrix, by two or more credible witnesses. If those conditions are complied with and the intention of the maker to dispose of his estate after death is sufficiently manifest, the instrument will be entitled to probate as a will upon the statutory proof being made. (*Robinson* v. *Brewster,* 140 Ill. 649; *Noble* v. *Tipton,* 219 id. 182.) The deeds in question were retained by the maker and did not operate as conveyances for want of delivery. The evidence indicates that they were intended to become operative after her death, and were therefore testamentary in character. They were not signed by any person with any intention of attesting the signature of the maker, but they were acknowledged before a notary public, who affixed his signature to the certificates of acknowledgment. Perhaps the certificates, which show that the maker acknowledged to the notary that she signed the instruments, would be sufficient to make him a subscribing

witness, but there was no other competent witness. An attempt was made to supply the other witness by the signature of the husband, Walter Gowans, who testified that he was present and saw his wife sign the deeds and that she saw him sign them; but he signed as a grantor, and not as a subscribing witness or for the purpose of attesting her signature. If he had signed as an attesting witness the act would have been of no avail. The term "credible," as applied to subscribing witnesses of a will, means competent, (*Harp* v. *Parr*, 168 Ill. 459,) and the competency of a witness is to be tested by his status at the time of the attestation and not at the time when the will is presented for probate. (*Fisher* v. *Spence*, 150 Ill. 253.) The incompetency of husbands and wives to testify as witnesses for or against each other applies to the attestation of wills, (30 Am. & Eng. Ency. of Law,—2d ed.—605,) and our statute has not removed the common law disqualification. Chapter 51 of the Revised Statutes has relaxed the common law rule to some extent, but section 8 provides that nothing in the act shall affect existing laws concerning the attestation of last wills and testaments.

The evidence did not show that the deeds were attested by two competent witnesses, and the judgment of the court was therefore correct.

The judgment is affirmed.          *Judgment affirmed.*