MATILDA JONES, Appellee, *vs.* NORA GRIESER, Appellant.

Opinion filed February 19, 1909.

1. WILLS—*effect of section 8 of Wills act.* If the incompetency of a witness to testify to the execution of a will arises from his act in attesting the will, which gives him some devise, legacy or interest, section 8 of the Statute of Wills applies, and under such section, if his testimony is necessary to establish the will, he may be compelled to testify although he cannot take under the will.

2. SAME—*effect where executors named in will are the attesting witnesses.* Executors named in a will are not competent witnesses to the execution of the will, but if they have acted as the attesting witnesses they may be compelled, under section 8 of the Wills act, to testify in support of the will; but in such case they cannot act as executors or participate in the administration of the estate, as administrators with the will annexed or otherwise.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

CHESTER F. BARNETT, and L. O. WILLIAMS, for appellant:

The proceeding in the probate court for the establishment of a will is *inter partes.* All interested persons who appear and array themselves in favor of the will are proponents and those opposing are contestants. *In re Story,* 120 Ill. 244; *Schofield* v. *Thomas,* 231 id. 114; *Hitchcock* v. *Green,* 235 id. 298; *In re Shapter,* 6 L. R. A. (N. S.) 575; *Welch* v. *Adams,* 63 N. H. 348.

The test of interest of a subscribing witness to a will is whether he will either gain or lose financially as the direct result of the proceeding to establish the will, or whether the record will be evidence for or against him in another action. *O'Brien* v. *Bonfield,* 213 Ill. 434; *Boyd* v. *McConnell,* 209 id. 396.

In a proceeding to establish a will the executor is a party to the suit and directly interested in securing its probate. He is therefore disqualified from testifying in its fa-

vor. Rev. Stat. chap. 51, sec. 2; *Godfrey* v. *Phillips,* 209 Ill. 584; *In re Tobin,* 196 id. 484; *Sloan* v. *Sloan,* 184 id. 579; *In re Shapter,* 6 L. R. A. (N. S.) 575; *In re Goldthwaite,* 94 Iowa, 338; *Welch* v. *Adams,* 63 N. H. 348; *Davis* v. *Rogers,* 1 Houst. 65.

Commissions allowed by law or compensation provided by the will for the person named as executor create an interest that disqualifies him as an attesting witness, both at the common law and under our statutes. *Jones* v. *Abbott,* 235 Ill. 223; *Boyd* v. *McConnell,* 209 id. 399; *Godfrey* v. *Phillips,* id. 591; *Taylor* v. *Taylor,* 1 Rich. 431; *Allison* v. *Allison,* 4 Hawk. 141; *Huie* v. *McConnell,* 2 Jones' L. 455; *Morton* v. *Ingram,* 11 Ired. 369; *Workman* v. *Dominick,* 3 Strob. 589; *Davis* v. *Rogers,* 1 Houst. 65.

A person need not be formally made a party to disqualify him under section 2 of chapter 51 of the Revised Statutes. The court will look to the substance and see on which side his interest lies. *Alexander* v. *Hoffman,* 70 Ill. 114; *Bardell* v. *Brady,* 172 id. 420.

A witness, though competent to attest, may be disqualified at the probate proceeding, and in that case secondary evidence must be produced. 1 Jarman on Wills, p. 225, note 23; *Sears* v. *Dillingham,* 12 Mass. 358; *Deakin* v. *Hollis,* 7 Gill & J. 311.

OUTON, ROBY, EWING & McCULLOUGH, and JOHN FULLER, for appellee:

An executor or trustee named in a will is competent as an attesting witness to it. The right which he has to fees for the administration of his office is not such a beneficial present vested interest as will disqualify him under the rules of common law, or under a statute requiring the will to be subscribed by credible or disinterested witnesses. 1 Underhill on Wills, sec. 205, p. 282.

Though named as an executor he was not an executor, for no living man has an executor. He may have had the

executorship in prospect, but a contingent interest does not disqualify a witness at the time of deposing, or, for an equal reason, at the time of attesting. *Snyder* v. *Bull,* 17 Pa. St. 58.

An executorship is not an office of profit. The design of the allowance is compensation. It is sometimes more and sometimes less, but the executor is supposed to have nothing he has not earned. *Snyder* v. *Bull,* 17 Pa. St. 58; *Standley* v. *Moss,* 114 Ill. App. 612.

No person shall, on account of his being the executor of a will, be incompetent to be admitted as a witness to prove the execution of such will or a witness to prove its validity or invalidity. 1 Jarman on Wills, sec. 17, p. 97.

The principle above laid down may be inferred in the following cases: *Smith* v. *Smith,* 168 Ill. 488; *Campbell* v. *Campbell,* 130 id. 466; *Lowman* v. *Aubery,* 72 id. 619; *Bardell* v. *Brady,* 172 id. 420.

The person or persons named as executor in the will are not necessary parties to a proceeding in the probation of a will. *Godfrey* v. *Phillips,* 209 Ill. 584.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of DeWitt county admitting to probate the last will and testament of Jeremiah Smith, deceased. It appears from the record that Jeremiah Smith died March 1, 1908; that he owned real and personal property of the value of $10,000; that he left a will, by which he gave his personal property to his sister, Matilda Jones, absolutely, and gave her the use of his real estate during her natural life and devised the fee to her son, Marion Willis Jones. W. H. Armstrong and W. J. Sprague were named as executors of his will, and they were also the attesting witnesses to the execution of his will. The county court held said attesting witnesses, by reason of the fact that they were executors, were incompetent and refused to admit the will to probate. On an

appeal by Matilda Jones to the circuit court that court held Armstrong and Sprague were competent witnesses and admitted the will to probate, and Nora Grieser, a child of a deceased brother of the testator, has prosecuted this appeal.

The question to be determined in this case is, were W. H. Armstrong and W. J. Sprague rendered incompetent as witnesses to the execution of the will by reason of the fact that they were named as executors of the will? The statute provides that a will shall be attested by two credible witnesses. The word "credible," as used in the statute, means "competent." (*In the matter of Noble,* 124 Ill. 266.) A credible witness·to the execution of a will is one legally competent to testify in a court of justice to the facts which he attests by subscribing his name to the will, (*O'Brien* v. *Bonfield,* 213 Ill. 428,) and the competency of an attesting witness is to be determined from the facts as they exist at the time he attests the will and not as they exist at the time the will is offered for probate; (*Fisher* v. *Spence,* 150 Ill. 253;) and a witness who for any legal reason is disqualified from giving testimony generally, or by reason of interest or other disqualifying cause is incompetent to testify in respect to the particular subject under investigation, is not a credible witness under the statute. (*Boyd* v. *McConnell,* 209 Ill. 396.) The true test of interest as to such witness is whether he will gain or lose financially as the direct result of the proceeding. (*Boyd* v. *McConnell, supra.*) The authorities outside of Illinois are in conflict as to whether an executor named in a will has such an interest in the probate of the will as renders him incompetent as a witness to the execution of the will. We are of the opinion, however, that under the statute of this State an executor has such a direct financial interest in the probate of the will that he is disqualified, by reason of such interest, as a witness to the execution of the will. He clearly has an interest in the probate of the will to the extent of his commissions as executor. An executor, also, by virtue of the

statute, has conferred upon him certain duties, which are accompanied by corresponding rights, prior to the time the will is admitted to probate, such as to cause the will to be presented for probate, to bury the deceased, to pay the necessary funeral charges, and to take care of the estate. (Hurd's Stat. 1908, chap. 3, secs. 2, 4.) We think, therefore, that this court is committed to the view that an executor is not a competent witness to the execution of a will which names him executor. *Ferguson* v. *Hunter,* 2 Gilm. 657; *Bardell* v. *Brady,* 172 Ill. 420; *Sloan* v. *Sloan,* 184 id. 579; *In re Tobin,* 196 id. 484; *Godfrey* v. *Phillips,* 209 id. 584; *Jones* v. *Abbott,* 235 id. 220.

We are therefore of the opinion that Armstrong and Sprague were not competent witnesses to establish the will unless they are rendered competent by section 8 of the Wills act, which reads as follows: "If any beneficial devise, legacy or interest shall be made or given, in any will, testament or codicil, to any person subscribing such will, testament or codicil, as a witness to the execution thereof, such devise, legacy or interest shall, as to such subscribing witness, and all persons claiming under him, be null and void, unless such will, testament or codicil be otherwise duly attested by a sufficient number of witnesses exclusive of such person, according to this act; and he or she shall be compellable to appear and give testimony on the residue of such will, testament or codicil, in like manner as if no such devise or bequest had been made. But if such witness would have been entitled to any share of the testator's estate, in case the will, testament or codicil was not established, then so much of such share shall be saved to such witness as shall not exceed the value of the said devise or bequest made to him or her as aforesaid." (Hurd's Stat. 1908, p. 2193.)

It appears from what has been said that an executor is disqualified as a witness to a will on the ground of interest. The interest which he has, however, like that of a devisee

or legatee, grows out of and by virtue of the execution of the will. In the case at bar the attesting witnesses were competent to attest the execution of the will in question at the time they signed the will as attesting witnesses, except by reason of the fact that they were named as executors. By the act of attesting the will the interest which made them incompetent by reason of their being named in the will as executors made them incompetent as witnesses to its execution. Such would be the case with a devisee or legatee who attests a will. The section of the statute above referred to was passed solely with a view to prevent the destruction of a will which would otherwise be a valid will except that the will, as executed, contained some provision which made its establishment according to the forms of law necessary by the calling of witnesses who took some interest under the will. If the incompetency of the witnesses existed outside of the fact that the will gave them a beneficial interest in the testator's estate, section 8 of the Wills act does not remove the incompetency of the witnesses to the will. If, however, the incompetency of the witness arises by the act of attesting a will which gives the witness some interest in the testator's estate, the statute does apply, and under that section of the statute, while the witness cannot take under the will, nevertheless he may be called and the will established by his evidence.

The statute uses the words "devise, legacy or interest." The word "interest," therefore, must be given some force and effect, and, as applied to a case like this, it clearly designates the interest created in the attesting witness by his being named as executor in the will,—that is, the interest which the witness receives as executor. The courts, in construing a statute, should give force and effect to all the language of the statute. (*Decker* v. *Hughes*, 68 Ill. 33.) A case may fall within the letter of a statute and not within its spirit, and it may fall within the spirit and not within

the letter of a statute. No valid reason can be suggested why a devisee or legatee who signs as a witness to a will, and who may take an interest in the estate of great value to him under the will, should be compelled to appear and give evidence on the application for the probate of the will and thereby lose his legacy or devise, while an executor, who only received a few dollars by way of commissions, cannot be required to give evidence in support of a will because of his interest. In construing said section 8, therefore, the word "interest" cannot be disregarded, and we are of the opinion it was inserted in said section of the statute with a view to cover a right created by a will other than that which might properly be designated as a devise or legacy, and may be fairly held to cover such a contingent and uncertain interest as that which would accrue to an executor by virtue of his appointment.

We are of the opinion, therefore, an executor named in a will who has signed the will as an attesting witness clearly falls within the spirit of said section 8 of the statute, and that such executor may be required to appear and give evidence in support of the execution of the will. The establishment of a will by the testimony of an executor will, however, have the effect, under the last clause of said section, to bar him from acting as executor of the will or from participating in the administration of the estate of the testator as administrator with will annexed or otherwise.

The circuit court did not err in holding that W. H. Armstrong and W. J. Sprague were competent witnesses by whom to establish the execution of the will of Jeremiah Smith, deceased. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*