WILLIAM FEARN, Appellee, *vs.* MARIA POSTLETHWAITE, Appellant.

*Opinion filed June 16, 1909.*

1. WILLS—*competency of attesting witnesses is to be tested as of the time of attestation.* "Credible" attesting witnesses, as that word is used in the statute, means "competent" witnesses, and their competency is to be tested as of the time of attestation and not as of the time of the probate of the will.

2. SAME—*executor named in will is not a competent attesting witness.* The executor named in a will is in the same class as a legatee or devisee and is not a competent witness to the will, although he may be compelled, if his testimony is needed, to abandon his executorship and testify to the execution of the will. (*Jones v. Grieser,* 238 Ill. 183, adhered to.)

3. SAME—*wife of executor named in will is not a competent attesting witness.* An attesting witness who at the time of such attestation is the wife of the executor named in the will is not a competent attesting witness, and unless there are two other competent witnesses the will is not entitled to probate, since the incompetency of the wife of the executor, like that of the wife or husband of a legatee or devisee, is not removed by section 8 of the Wills act.

APPEAL from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding.

On the 5th day of February, 1908, Elizabeth Wallwork, of Montgomery county, Illinois, executed her last will and testament. William Fearn was appointed sole executor without bond, and E. B. Appleton and Alice E. Fearn subscribed said will as attesting witnesses. On July 19, 1908, Elizabeth Wallwork, the testatrix, died, and afterwards, at the July term, 1908, of the county court of Montgomery county, the said William Fearn presented his petition praying that the said last will and testament of said Elizabeth Wallwork be admitted to probate. Maria Postlethwaite, a daughter of testatrix and a devisee under the will, thereupon filed a petition in said court, alleging, among other

things, that said will was null and void for the reason that it was not attested by two credible witnesses. Upon a hearing in the county court it appeared from the evidence that the said Alice E. Fearn, one of the attesting witnesses, was at the time of the execution of the will the wife of William Fearn, who was named as executor therein, and thereupon the court held that she was an incompetent witness and refused to admit the will to probate. The executor appealed from that order to the circuit court, and upon a trial there that court held that the said Alice E. Fearn was a credible attesting witness, that said will was properly executed according to law and decreed that it be admitted to probate. Maria Postlethwaite brings the case to this court by appeal.

LANE & COOPER, for appellant:

Where an adverse party sues or defends in a fiduciary capacity the husband and wife cannot testify for or against each other. *Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132; *Bevelot* v. *Lestrade*, 153 id. 625; *Shovers* v. *Warrick*, 152 id. 355.

The wife of a legatee under a will is not a competent attesting witness to such will, and probate of a will should be denied where one of the two attesting witnesses required by the statute was incompetent to act as a witness. *Sloan* v. *Sloan*, 184 Ill. 579.

The competency of attesting witnesses must be determined from the facts existing when the will is executed. *Fisher* v. *Spence*, 150 Ill. 253; *Slingloff* v. *Bruner*, 174 id. 161; *Trust Co.* v. *Brown*, 183 id. 47.

The rule of law prohibiting a husband and wife testifying either for or against each other is based largely on public policy, independent of interest. *Sloan* v. *Sloan*, 184 Ill. 583; *Mitchinson* v. *Cross*, 58 id. 366; *Reeves* v. *Herr*, 59 id. 81.

At common law the husband was not a competent attesting witness to a will. *Giddings* v. *Turgeon*, 58 Vt. 106.

GEORGE P. O'BRIEN, and JETT & KINDER, for appellee:

The word "credible," as applied to the subscribing witnesses to a will, means competent. *Gump* v. *Gowans*, 226 Ill. 635; *Harp* v. *Parr*, 168 id. 459.

The competency of a witness to a will is to be tested by his status at the time of the attestation and not at the time when the will is presented for probate. *Gump* v. *Gowans*, 226 Ill. 635; *Fisher* v. *Spence*, 150 id. 253.

The wife of a person named as executor is a competent witness to the will if he is not a legatee or devisee therein. *Piper* v. *Moulton*, 72 Me. 155; *In re Will of Lyon*, 96 Wis. 339; *Stewart* v. *Harriman*, 56 N. H. 25.

The test whether the wife of the executor is a credible witness depends upon whether the husband is disqualified to be a subscribing witness by the fact that he is named as executor. *Stewart* v. *Harriman*, 56 N. H. 25.

A person named as executor who receives no legacy or devise is a competent or credible subscribing witness, and is not made incompetent by the fact that he is to receive commissions. *Richardson* v. *Richardson*, 35 Vt. 238; *Wyman* v. *Symmes*, 10 Allen, 153; *In re Will of Lyon*, 96 Wis. 339; *Sears* v. *Dillingham*, 12 Mass. 357; *Baker* v. *Bancroft*, 79 Ga. 672; *Jones* v. *Larabee*, 47 Me. 479; *Piper* v. *Moulton*, 72 id. 155; *Murphy* v. *Murphy*, 24 Mo. 526; *Orndorff* v. *Hummer*, 12 B. Mon. 619; *In re Gagan's Will*, 21 N. Y. Supp. 350; *In re Jordan's Estate*, 161 Pa. 393; *Meyer* v. *Fogg*, 7 Fla. 292; *Stewart* v. *Harriman*, 56 N. H. 25; *Phipps* v. *Pitcher*, 6 Taunt. 220; *Goodtitle* v. *Welford*, 1 Doug. 139; *Lowe* v. *Jollife*, 1 Wm. Bl. 365; *Patten* v. *Tallman*, 27 Me. 17; *Warren* v. *Baxter*, 48 id. 193; *Comstock* v. *Hadlyme*, 8 Conn. 254; *McDonough* v. *Laughlin*, 20 Barb. 238; *Denn* v. *Allen*, 1 Penning, 35; *Coalter* v. *Bryan*, 1 Gratt. 18; *Peralta* v. *Castro*, 6 Cal. 354; *Children's Aid Society* v. *Loveridge*, 70 N. Y. 387.

An executor who has no interest in surplus is a good witness to prove will. *Bettison* v. *Bromley*, 12 East, 250.

Decisions in this State as to the competency of witnesses in a proceeding in chancery to contest a will already admitted to probate have no application in a proceeding to admit the will to probate. *Jones* v. *Abbott*, 235 Ill. 220; Rev. Stat. chap. 51, sec. 8.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The sole question to be determined is whether the wife of a man named as executor of a will is a competent witness to attest the will.

Section 2 of chapter 148 of our statutes requires that all wills, testaments and codicils shall be attested in the presence of the testator or testatrix "by two or more credible witnesses." The word "credible," as here used, means competent, (*Gump* v. *Gowans*, 226 Ill. 635; *Harp* v. *Parr*, 168 id. 459;) and the credibility or competency of an attesting witness is to be tested at the time of the execution of the will, and not when it is presented for probate. (*Gump* v. *Gowans, supra; Fisher* v. *Spence*, 150 Ill. 253.) "The attesting witnesses are regarded in the law as persons placed round the testator in order that no fraud may be practiced upon him in the execution of the will and to judge of his capacity. They must therefore be competent witnesses at the time of attestation, otherwise the will is not well executed." (2 Greenleaf on Evidence, sec. 691.)

In an able brief counsel for appellee have cited a number of cases from other jurisdictions which hold that an executor of a will is also a competent subscribing witness thereto, but this court, in the recent case of *Jones* v. *Grieser*, 238 Ill. 183, while recognizing the conflict of authorities outside of Illinois on the question, decided that under our statute an "executor has such a direct financial interest in the probate of the will that he is disqualified, by reason of such interest, as a witness to the execution of the will." The interest which an executor takes under a will that disqualifies

him as a witness was held to be such an interest as is mentioned in section 8 of the Wills act, which provides that "if any beneficial devise, legacy or interest" shall be given in any will to a person subscribing such will as a witness, such devise, legacy or interest shall, as to such subscribing witness and all persons claiming under him, be null and void, unless the will be attested by a sufficient number of other witnesses, and he or she shall be compellable to appear and give testimony on the residue of such will in like manner as if no such devise or bequest had been made. In that case the court held the executor could be required to appear and give evidence in support of the execution of the will, but that the establishment of the will by the evidence of the executor would bar him from acting as executor or in any way participating in the administration of the estate. Thus it will be seen that as to his competency as a subscribing witness to a will an executor thereof is placed in the same class with a devisee or legatee under the will. Therefore, by analogy of reasoning, the competency of a wife as an attesting witness to a will in which her husband is named as executor must be tested by the same rule which determines the competency of a wife as an attesting witness to a will in which her husband is a devisee or legatee.

In the case of *Sloan* v. *Sloan,* 184 Ill. 579, Charlotte Sloan, one of the attesting witnesses to the will, was the wife of Jerome Sloan, one of the legatees therein, and the question was as to the competency of Charlotte Sloan as a witness to prove the will. On page 582 this court said: "We have carefully considered the able argument of counsel for the proponent, (the appellant here,) and while it must be admitted that while the testimony of Charlotte Sloan would, if received, tend to establish a will which would be against her husband's interest, and that as he would have been a competent witness under the statute notwithstanding the legacy to him the reason for holding her incompetent in a great measure fails, yet we are not dis-

posed to depart from the decision in the *Fisher-Spence case.* Moreover, the rule of law prohibiting a husband or wife testifying either for or against the other's interest is based largely on public policy, independent of interest, (*Mitchinson* v. *Cross,* 58 Ill. 366; *Reeves* v. *Herr,* 59 id. 81; *Giddings* v. *Turgeon,* 58 Vt. 106; 1 Greenleaf on Evidence,—14th ed.—sec. 334; *Smith* v. *Jones,* 34 Atl. Rep. 424;) and should not be departed from even if the reason therefor in any particular case is not apparent. The circuit court did not err in holding Charlotte Sloan an incompetent witness."

In the case of *Fisher* v. *Spence, supra,* the sole question under consideration was whether J. J. Carson and Carrie F. Spence, husband and wife of devisees and legatees under the will of John A. Fisher, were competent witnesses to the will as to all devises and bequests therein contained except the devises and bequests to Georgia Ann Carson and Thomas W. Spence, the wife and husband of said subscribing witnesses. After the death of the testator and before the probate of the will said legatees, Georgia Ann Carson and Thomas W. Spence, released all interest in the estate, and it was then contended that the witnesses were thereby made competent, but this court held otherwise, for the reason that the competency must exist at the time of the attestation of the will and not at the probate thereof. It was further contended that by virtue of section 8 of the chapter on wills the devises and legacies to Georgia Ann Carson and Thomas W. Spence under the will, to which the husband of the one and the wife of the other were the only attesting witnesses, were null and void and such husband and wife competent witnesses as to the residue of such will. But the court held that this statute was not applicable to the case; that in order that it be given application it would be necessary to read into the statute a provision that any devise or legacy to the wife or husband of a subscribing witness shall be null and void, and in concluding the opinion the court said, on page 262: "In our opinion the county

court and the circuit court were in error in holding that J. J. Carson and Carrie F. Spence were competent witnesses to establish the will of John A. Fisher, deceased, and in admitting said will to probate as to all the devises and bequests therein contained, other than those to Georgia Ann Carson and Thomas W. Spence."

The conclusion to be reached from these cases is, that the rule in this State is clearly established that the husband or wife of a devisee or legatee in a will is incompetent as an attesting witness thereto, and that this incompetency is not removed by section 8 of the Wills act, as is the case where a devisee or legatee is a witness and can still be compelled to give evidence to establish the will, except as to his individual legacy or devise. As hereinbefore shown, the wife of an executor of a will must be placed in the same class as the wife of a legatee or devisee therein as to her competency as a witness to a will when her husband is executor thereof, and under the authorities above referred to she must be held incompetent. The underlying reason of the rule prohibiting a husband or wife from testifying for or against each other's interests is founded on the broad ground of public policy. (*Wickes* v. *Walden,* 228 Ill. 56.) Chapter 51 of our statutes, entitled "Evidence and Depositions," has somewhat enlarged the common law rule and provided for some exceptions thereto relative to the testimony of husband and wife for or against the interest of the other, but nothing in that act contained can in any manner affect the conclusion reached in this case, for the reason that paragraph 8 of the act expressly provides that "nothing in this act contained shall in any manner affect the laws now existing relating * * * to the attestation of the execution of last wills and testaments."

Under the law in this State Alice E. Fearn was not a competent witness to the will of Elizabeth Wallwork at the time she subscribed the same as attesting witness thereto, for the reason that William Fearn, the husband of the said

Alice E. Fearn, was named as executor of said will. Therefore, as there were not "two or more credible witnesses" to the will, it should not have been admitted to probate.

The order and judgment of the circuit court is reversed and the cause remanded.  *Reversed and remanded.*