ROSE B. SMITH et al. Plaintiffs in Error, vs. WARREN S. GOODELL et al. Defendants in Error.

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. WILLS—*"credible" witness to will means a "competent" witness.* The word "credible," as used with reference to the subscribing witnesses to a will, means "competent," and means a witness who at the time of attesting the will would be legally competent to testify in court to the facts which he attests by subscribing his name to the will.

2. SAME—*competency of subscribing witness is determined as of the time the will is executed.* The competency of an attesting witness is to be determined from the facts as they exist at the time of the execution of the will, and not as they exist at the time the will is offered for probate.

3. SAME—*when a partner of executors is not a competent subscribing witness.* A partner of the executors named in a will is not a competent attesting witness to such will where the partnership articles provide that he shall share in fees earned by the other

258 – 10

partners while acting as executors or administrators, and his action in subsequently releasing his interest as to such fees does not relate back and render him a competent attesting witness.

CARTER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

SCHNEIDER & SCHNEIDER, and J. W. KERN, for plaintiffs in error.

KAY & KAY, SAUM & MALO, and O. F. MORGAN, (W. RUFUS KENDALL, guardian *ad litem,*) for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

William Smith died November 10, 1909, leaving a purported last will and testament, dated September 18, 1909. By the will Warren S. Goodell and Nathan P. Goodell were named as executors and appointed as trustees. Plaintiffs in error, Rose B. Smith and others, being certain of the heirs-at-law of William Smith, filed their bill in the circuit court of Iroquois county to set aside the will. To this bill the Goodells and the remaining heirs-at-law were made parties defendant. The bill charged that the will was not witnessed by two credible witnesses, as required by law, that the testator was not of sound and disposing mind and memory, and that the will was procured by the undue influence of Frank F. Butzow, the scrivener and one of the attesting witnesses. Defendants in error demurred to that part of the bill which alleged that the will had not been properly attested and answered the remainder. The court sustained the demurrer, and the plaintiffs in error having elected to stand by that portion of their bill, issue was joined on the answers to the remainder. Upon the trial the question of undue influence was withdrawn from the jury by the court. The jury, by its verdict, found that the writing offered in evidence was the last will and testament of William Smith

and that at the time of its execution and attestation the testator was of sound mind and memory, and a decree was entered accordingly. This writ of error has been sued out to bring that decree before us for review.

It is first contended that the court erred in sustaining the demurrer. The portion of the bill demurred to was, in substance, that the purported will was attested by two witnesses, only,—Frank F. Butzow and W. F. Ours,—and that at the time of the attestation Butzow was not a credible or competent witness, as he had at that time such a vested, beneficial and financial interest in the subject matter as to render him incompetent to attest the will; that on January 1, 1898, Butzow, together with Warren S., Nathan P. and A. Goodell, entered into a co-partnership agreement to transact a general banking business for a term of ten years next following, by the terms of which it was agreed that all fees earned by any or either of the members thereof during the term of the co-partnership, as administrator, executor or in any trust capacity, should be held as belonging to the co-partnership and as a part of the earnings of the business and should be accounted for as such; that the co-partnership operated thus until October 30, 1903, when A. Goodell, with the consent of the other partners, retired, and the three remaining partners agreed to, and did, conduct the business according to the terms of the agreement for the remainder of the ten-year term, Butzow being entitled to ten per cent of the net earnings of the business; that at the expiration of the ten-year period no formal extension of the partnership agreement was made but the partnership was conducted and the business of the firm transacted upon the same terms from that time up until the time of the filing of the bill, and that the business was transacted and the net earnings divided among the members of the firm in the same manner and in the same proportions as conducted and divided during the ten-year period covered by the written agreement of partnership, by

reason of which it was averred that Butzow was disqualified as an attesting witness by the appointment of his two partners as executors and trustees, thereby giving him a direct and vested interest, at the time of the execution of the purported will, in the fees and emoluments thereafter to accrue to his said partners, as such executors.

The statute provides that a will shall be attested by two credible witnesses, and it has frequently been held that the word "credible," as used in the statute, means "competent." (*In the matter of the will of Noble,* 124 Ill. 266; *Fisher* v. *Spence,* 150 id. 253; *Harp* v. *Parr,* 168 id. 459; *Johnson* v. *Johnson,* 187 id. 86; *O'Brien* v. *Bonfield,* 213 id. 428; *Jones* v. *Grieser,* 238 id. 183.) The question who is a credible or competent attesting witness has so frequently arisen that it can now be answered in most cases by a mere reference to the decisions. Attesting witnesses are regarded, in law, as persons placed around the testator in order that no fraud may be practiced upon him in the execution of the will, and to judge of his capacity. (2 Greenleaf on Evidence, sec. 691; *Fearn* v. *Postlethwaite,* 240 Ill. 626.) A credible witness to the execution of a will is one who, at the time of attesting the will, would be legally competent to testify in a court of justice to the facts which he attests by subscribing his name to the will, (*O'Brien* v. *Bonfield, supra,*) and we have repeatedly held that the competency of an attesting witness is to be determined from the facts as they exist at the time of the execution of the will and not as they exist at the time the will is offered for probate. (*Fisher* v. *Spence, supra; Sloan* v. *Sloan,* 184 Ill. 579; *Johnson* v. *Johnson, supra; Gump* v. *Gowans,* 226 Ill. 635; *Jones* v. *Grieser, supra; Fearn* v. *Postlethwaite, supra.*) The interest which disqualifies a witness in such a case must be a present, certain, legal interest of a pecuniary nature. The test is, whether he will gain or lose financially as the direct result of the suit. *Boyd* v. *McConnell,* 209 Ill. 396; *O'Brien* v. *Bonfield, supra.*

Applying these rules as a test, under the allegations of the bill we are of the opinion that Frank F. Butzow was not, at the time of the attestation of the will, a credible witness. If, as stated in *O'Brien* v. *Bonfield, supra,* the will must be attested by witnesses who at the time of the attestation would be legally competent to testify in a court of justice to the facts which they attest by subscribing their names to the will, Butzow was rendered incompetent. At that time he was in partnership with Warren S. and Nathan P. Goodell, who were named as executors of the will, under a partnership agreement which specifically provided that all the fees which any member of the firm should earn as an executor or administrator should be accounted for and be treated as a part of the earnings of the co-partnership. This gave Butzow, at the time of the attestation, a present, certain, legal interest of a pecuniary nature in the subject matter. It is true that his interest was not such as is acquired by a devisee or legatee under a will or by one who is appointed an executor or trustee, and it was possible that the will might be carried out in each of its provisions exactly as it was written without Butzow deriving any benefit therefrom. That could only be rendered possible, however, by a dissolution of the co-partnership between Butzow and the Goodells prior to the death of Smith. The partnership was in existence at the time of the execution of the will, and while Butzow was not named therein as legatee, devisee, executor or trustee, by reason of his relationship with those named as executors he was given the same pecuniary interest in the subject matter as any executor is given in a will. So far as pecuniary interest is concerned, the relationship of Butzow to this will was the same as that of an executor. In *Jones* v. *Grieser, supra,* we held that under our statute an executor has such a direct financial interest in the probate of a will that he is disqualified as a witness to its execution, and that this court was committed to the view that one is not a com-

petent witness to the execution of a will which names him as executor. It is true that in that case we held that this incompetency was removed by section 8 of the Wills act, and that one who has signed as an attesting witness to a will which names him as an executor may be required to testify to the execution of the will, and that the establishment of the will by the testimony of such a witness will have the effect, under said section 8, to bar him from acting as such executor or from participating in any manner in the administration of the estate. Section 8 of the Wills act was not intended to, and does not, cover such a case as is presented here. Butzow was not named as an executor. His interest is derived from a private contract then existing between himself and those who were named as executors. The provisions of this co-partnership agreement may have been unknown to the testator, and the fact that Butzow had a pecuniary interest in the subject matter may not have become known to the court in the proceedings had upon the probate of the will. When one who is named as an executor is called as an attesting witness to establish the execution of a will, he is barred from acting as such executor and from participating in any manner in the administration of the estate, and it is the duty of the court in which probate is had to enforce the bar. The contract between Butzow and the Goodells was one of which the probate court might have no knowledge and one over which it could have no control. In such a case, should the facts come to the knowledge of the court, it could not say to the executor that he was barred from acting as such because his partner, although not named in any way in the will, had testified as one of the attesting witnesses. At the time of the attestation Butzow had a present, certain interest of a pecuniary nature in the subject matter, and he was thereby rendered incompetent to attest the execution of the will.

Defendants in error insist that should it be held that Butzow had such an interest as would disqualify him, the will should not be allowed to fail on that account but he should be held to be estopped from claiming any part of the fees and thus be rendered a credible attesting witness. This doctrine of estoppel has never been applied to anyone who subscribed as an attesting witness to a will which gave him a beneficial interest. It required the enactment of section 8 of the Wills act to render such persons competent to testify. How the doctrine of estoppel could be applied in this case, in any event, is difficult to see. Butzow derived his interest, not by any of the provisions of the will, but by reason of his relationship with those named as executors. The question of what he might receive was a question solely between him and his partners and was entirely without the control or cognizance of the court in which the estate was being settled.

Upon the trial Butzow was called as a witness in behalf of the proponents. Objection was made that he was not a competent witness to testify generally. The co-partnership agreement between Butzow and the Goodells was introduced in evidence, one of the provisions of which was that all fees earned by any or either of the members, as administrators or executors or in any trust capacity, should be treated as belonging to the partnership and as a part of the earnings of the business and should be accounted for as such. Proponents then offered in evidence a written release executed by Butzow, whereby, in consideration of five dollars, he released and quit-claimed all right to participate in the fees or compensation due or to become due and payable to Warren S. and Nathan P. Goodell, or either of them, as executors, and it is now urged that this release relates back to the time of the attestation and renders Butzow competent. In *Fisher* v. *Spence, supra,* this same question arose and was decided adversely to the contention of the defendants in error, and the holding was based upon

the proposition that the competency of an attesting witness to a will must be tested by the facts existing at the time of the attestation. The release, even if sufficient to render Butzow competent as a general witness, would not relate back and affect his competency at the time of the attestation.

In the state of the record as presented to us we do not regard it as necessary to pass upon any of the other questions raised.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the demurrer to the bill.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.