HOWARD JAMES SCOTT *et al.* Appellants, *vs.* MARY A.
O'CONNOR-COUCH, Appellee.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. WILLS—*the expression "credible witnesses" means compe-
tent witnesses.* The provision of the Statute of Wills that a will
must be attested in the presence of the testator or testatrix by two
or more "credible witnesses," means witnesses who at the time
were competent, in law, to testify concerning the subject matter.

2. SAME—*test of competency of witnesses to a will.* The test
of competency of a witness to a will is whether he will gain or lose
financially as a direct result of the establishing of the instrument
as a will.

3. SAME—*executor is incompetent to attest a will as a witness.*
One who is appointed executor by a will is incompetent to attest
it as a witness, because he will gain commissions allowed by law
if the will is established, but if his interest as executor is his only
interest section 8 of the Wills act removes his incompetency, as un-
der that section he may be compelled to testify if there are not suf-
ficient witnesses without him, and the appointment as executor will
be void.

4. SAME—*stockholder in bank which is made executor is within
section 8.* A stockholder in a bank at the time a will is executed
appointing the bank executor is incompetent to attest the will, but
as he receives his beneficial interest directly from the will he is
within section 8 of the Wills act and may be compelled to testify,
with the result that the appointment of the bank as executor is
nullified and its stockholders become competent, generally, as wit-
nesses. (*Smith* v. *Goodell,* 258 Ill. 145, distinguished.)

5. SAME—*people who have known the testator should be allowed
to give their opinions.* People who have known the testator for a
great many years, have transacted business with him, talked with
him on various subjects and had visited him in the hospital where
he was when he executed a codicil to his will, should be allowed
to give their opinions as to his being of sound mind.

6. EVIDENCE—*stockholders cannot testify for the corporation
against heirs or devisees.* Stockholders are the owners of the in-
come and earnings of the corporation and are directly interested
therein, and, as a general rule, unaffected by any special statutory
provision, they are incompetent to testify for the benefit of the
corporation against heirs, devisees or legatees.

COOKE, J., dissenting.

APPEAL from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding.

EDWARD MAHER, RICHARD H. C. MILLER, and SIG. B. NELSON, for appellants.

HARDY & HARDY, and CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Application was made to the county court of Knox county to admit to probate an instrument alleged to be the will of Michael O'Connor, deceased. Probate was refused and an appeal was taken by the legatees and devisees under the will to the circuit court. There was a hearing in the circuit court, at which the heirs-at-law contested the application, and probate was again refused and a further appeal was taken to this court.

On January 4, 1913, Michael O'Connor executed an instrument as his last will and testament at the People's Trust and Savings Bank in Galesburg, where he had done considerable business, and he died on May 24, 1914. The attestation clause was in the usual form, containing all the statutory requirements, and it was signed by Nellie Stark and W. H. Pankey as witnesses. Nellie Stark was a stenographer and clerk in the bank, and she testified to the execution of the will and that in her opinion the testator was at that time of sound mind and memory. W. H. Pankey was the other subscribing witness, and testified to the execution of the will and that at the time he regarded the testator as of sound mind and memory, but his testimony was stricken out because when the will was executed he was a director and stockholder of the bank appointed executor of the will. The Statute of Wills provides that a will must be attested in the presence of the testator or testatrix by

two or more credible witnesses, and that means witnesses who at the time were competent, in law, to testify concerning the subject matter. (*Harp* v. *Parr*, 168 Ill. 459; *Johnson* v. *Johnson*, 187 id. 86.) The test of competency is whether the witness will gain or lose financially as a direct result of the establishing of the instrument as a will. (*O'Brien* v. *Bonfield*, 213 Ill. 428.) Under that rule, a person who is appointed executor by a will is incompetent to attest it as a witness because he will gain the commissions allowed by law if the will is established, and that is a direct financial gain to him, and another person who by virtue of a contract is to share in the fees earned by the executor is equally incompetent. (*Smith* v. *Goodell*, 258 Ill. 145.) The test whether a witness has an interest which disqualifies him, under the act concerning evidence and depositions, to testify against an heir, devisee or legatee, is whether he will immediately gain or lose by the event of the suit or whether the verdict can be given in evidence for or against him in another suit. The interest must be a legal interest in the outcome of the suit and it must be certain, direct and immediate. *Feitl* v. *Chicago City Railway Co.* 211, Ill. 279; *Jones* v. *Abbott*, 235 id. 220; *Ackman* v. *Potter*, 239 id. 578.

Counsel for appellants contend that under these rules Pankey was a competent witness because his interest as a stockholder in the commissions was indirect and not immediate but remote and incidental, and that while there was a possibility of a direct profit to the bank there could be only an indirect profit to Pankey. Counsel for appellee, citing and relying upon cases holding the above rule, contend that Pankey was incompetent because he had an interest which must be direct, legal, immediate and certain and would gain or lose as a result of the suit. That could only be if a beneficial interest was given to him by the terms of the will itself, since he neither had nor claimed any interest in any property disposed of by the will, and

had acquired no interest, by contract or otherwise, adverse
to the heir-at-law. The question whether a stockholder of
a corporation is a competent witness to testify against the
representative of a deceased person where the corporation
will gain or lose as a result of a suit must be regarded as
settled in this court and the position of counsel for appellee
must be upheld. Stockholders in a corporation are owners
of the income and earnings of the corporation and directly
interested therein, and, as a general rule, unaffected by any
special statutory provision, they are incompetent to testify
for the benefit of the corporation against an heir-at-law,
devisee or legatee. (*Albers Commission Co.* v. *Sessel,* 193
Ill. 153; *Ittner Brick Co.* v. *Ashby,* 198 id. 562; *Cronin*
v. *Royal League,* 199 id. 228.) There is, however, a spe-
cial statutory provision applicable to a witness attesting the
execution of a will.

In the revision of 1872 a provision of the Revised Stat-
utes of 1845 was brought forward as section 8 of the Stat-
ute of Wills. It removed the incompetency of a witness to
the execution of a will to whom any beneficial devise, legacy
or interest was made or given by the will, and provided that
such witness should be compellable to appear and give tes-
timony on the residue of the will in like manner as if no
such devise or bequest had been made, but the devise, legacy
or interest was declared to be null and void unless the will
had been duly attested by a sufficient number of witnesses
exclusive of such person, saving, however, to the witness
any share of the testator's estate not exceeding the value of
the devise or bequest to which the witness would have been
entitled if the will was not established. That section of the
Statute of Wills was regarded by this court as remedial and
its purpose and effect were explained in *Jones* v. *Grieser,*
238 Ill. 183. In that case W. H. Armstrong and W. J.
Sprague were the attesting witnesses of the will of Jere-
miah Smith, deceased, and were also named as executors of
the will. Upon an application to admit the will to probate

the county court held they were not competent as witnesses, but on appeal the circuit court decided they were competent and admitted the will to probate, and this court affirmed the judgment. As to the remedial nature of the statute the court said that it was passed solely with the view to prevent the destruction of a will which would otherwise be a valid will except that the will as executed contained some provision which made its establishment according to the forms of law necessary by the calling of witnesses who took some interest under the will. Concerning the application of the section to particular witnesses and whether their incompetency was removed by the statute, the court said: "If the incompetency of the witnesses existed outside of the fact that the will gave them a beneficial interest in the testator's estate, section 8 of the Wills act does not remove the incompetency of the witnesses to the will. If, however, the incompetency of the witness arises by the act of attesting a will which gives the witness some interest in the testator's estate the statute does apply, and under that section of the statute, while the witness cannot take under the will, nevertheless he may be called and the will established by his evidence." The court said that a person named as executor in a will, who has signed the will as an attesting witness, clearly falls within the section and may be required to give evidence in support of the execution of the will, with the effect, however, that he is barred from acting as executor or participating in the administration of the estate in any manner. That decision was adhered to and indorsed in *Fearn* v. *Postlethwaite*, 240 Ill. 626, where it was again said that although one named as an executor is not a competent witness to the will, he may be compelled, if his testimony is needed, to abandon his executorship and testify to the execution of the will. That case, however, involved the question of the competency of the wife of the person named as executor, and it was held that her incompetency was not removed by section 8, since nothing was given to

her by the will, and, like the wife of a devisee or legatee, she was prohibited from testifying for or against the interest of her husband on ground of public policy.

After the decision in the *Fearn case* the General Assembly, in 1911, amended section 8 by broadening its terms so as to include the wife or husband of any witness to whom any benefit was given by the will, and declaring that on account of the remedial character of the section it should be construed liberally. The section, as amended, is as follows: "If any beneficial devise, legacy or interest shall be made or given in any will, testament, or codicil to any person subscribing such will, testament or codicil, as a witness to the execution thereof, or to the wife or husband of such person, such devise, legacy or interest shall, as to such beneficiary thereof, and all persons claiming under him, be null and void, unless such will, testament or codicil be otherwise duly attested by a sufficient number of witnesses, exclusive of such person, according to this act; and he or she shall be compellable to appear and give testimony on the residue of such will, testament or codicil, in like manner, as if no such devise or bequest had been made. But if such witness or beneficiary would have been entitled to any share of the testator's estate in case the will, testament or codicil was not established, then so much of such share shall be saved to such witness or beneficiary as shall not exceed the value of the said devise or bequest made to him or her as aforesaid. This act being remedial in character shall be construed liberally, and shall apply to cases arising on wills of persons deceased, prior to the adoption of this act, but not finally adjudicated." (Laws of 1911, p. 538.)

Counsel for appellee take the position that the corporation itself, which was named as executor, was not one of the attesting witnesses and hence could not be required to relinquish under the Statute of Wills. The claim is that Pankey being disqualified under the act concerning evidence and depositions because he subscribed as a witness

the will that gave him a beneficial interest, the Statute of Wills did not render him competent because the beneficial interest was not given to him but to the corporation. He was an attesting witness to the execution of the will and it gave him a beneficial interest because he was a stockholder of the corporation named as executor, so that he came precisely within the terms of the Statute of Wills. That statute provides that the interest given by the will to the attesting witness shall be null and void and he shall be compellable to appear and give testimony on the residue of the will. The beneficial interest given to Pankey was only because his corporation was named as executor, and the only means by which the beneficial interest could be annulled would be by declaring the provision by which he acquired it null and void. The legislative will that the beneficial interest of an attesting witness shall be null and void can only be made effective as to the stockholder of a corporation by declaring null and void the provision which gives an interest to his corporation.

The court, in *Jones* v. *Grieser, supra,* having defined the classes of persons whose incompetency is removed by the statute and confined it to witnesses to whom some beneficial interest in the testator's estate is given by the will, the distinction between such witnesses and those to whom nothing is given by the will must be kept in mind. A case involving the distinction is *Smith* v. *Goodell, supra.* In that case one of the witnesses to the will was Frank F. Butzow, who was a partner in the banking business with Warren S. Goodell and Nathan P. Goodell, who were named as executors and appointed as trustees. Butzow was not named as an executor and the will gave no beneficial interest to him or to the partnership, but there was a private contract between him and his partners by which he was to share in their earnings as executors or in any trust capacity. He derived his interest, not by any of the provisions of the will, but by reason of his relationship with those named as executors. The

271 – 26

question of what he might receive was a question solely between him and his partners and was entirely without the control or cognizance of the court in which the estate was being settled. He had at the time of the attestation a present, certain interest of a pecuniary nature in the subject matter concerning which he was called to testify, and by reason of that interest was rendered incompetent to attest the execution of the will. The contract drew into the partnership and gave to Butzow a share of the earnings of executors in no sense connected with the banking business and, not given to him, directly or indirectly, by any provision of the will. His incompetency existed outside of the fact that the will gave him any beneficial interest in the estate, and therefore his incompetency was not removed by the statute. In this case the incompetency of Pankey arose from the fact that the will gave a beneficial interest to the corporation of which he was a director and a stockholder, and the beneficial interest to the stockholders was direct, immediate and substantial. Every dollar and every piece of property that comes to a corporation comes directly to the stockholders and increases the value of their stock. In substance, the stockholders, collectively, represented by the artificial corporate entity were executors of the will. The interest of Pankey was derived directly from the will and not through any private contract or arrangement outside of it, and his incompetency arose directly from the beneficial interest given to him and the other stockholders as a corporation. The statute applied, and the court erred in striking out his testimony. The bank being disqualified to act as executor, and therefore having no interest, M. O. Williamson, who was rejected as a witness, was competent to testify generally in the case.

On October 24, 1913, Michael O'Connor executed a codicil to the will in a hospital in Galesburg by which he re-affirmed the will, and if the codicil was valid the will was also rendered valid. The attesting clause to the codicil

was complete as in the case of the will, containing all the particulars of the statute and that the attesting witnesses believed that the testator was of sound mind and memory and fully capable of making the instrument. It was witnessed by two nurses, Mayme Cassel and Nettie Girkin. Mayme Cassel testified that she read the attesting clause hastily, without noticing its meaning, and when asked by M. O. Williamson to sign it and have another nurse sign it, she demurred and did not want to do it, but he told her it was merely a matter of form and she signed it. She also said that Nettie Girkin read the attesting clause but that witness said she did not read it. Mayme Cassel testified that when the testator signed the codicil he was sitting on a chair and signed it on a chart back, while Nettie Girkin said that he was in his bed in his night robe and signed it on a bedside table. Both witnesses said he was not of sound mind and memory. Two witnesses testified that shortly before the will was offered for probate Mayme Cassel said she certainly thought the testator was of sound mind and memory or she would not have signed the will, and a witness testified that Nettie Girkin said she thought he was of sound mind and memory. On appeal to the circuit court it was proper to establish the will by any evidence sufficient to establish a will in chancery, and a large number of witnesses who had known the testator for many years and had done business with him testified that he was of sound mind and memory in 1912 and 1913. The rulings of the court in many instances unduly limited and hampered the appellants in making their proof. Witnesses who had known the testator for a great many years, had transacted business with him, met him socially, talked with him on various subjects and visited with him in the hospital were not permitted to give their opinion, although such opinions were admissible under the rule that witnesses who testify to facts and circumstances in their own knowledge, as coming

under their observation, may give their opinion, to be received and valued according to the intelligence of the witness and his capacity to form an opinion. (*Roe* v. *Taylor,* 45 Ill. 485; *Snell* v. *Weldon,* 239 id. 279; *Graham* v. *Deuterman,* 244 id. 124.) The testator had been extensively engaged in business for many years and with many different persons as a dealer in live stock and otherwise, and from January 5, 1912, to July 29, 1913, he gave in the course of his business one hundred checks on the People's Trust and Savings Bank, which were paid by the bank and produced on the trial. The contestant introduced no evidence whatever on the subject of testamentary capacity, but was content to rest upon the proposition that W. H. Pankey was an incompetent witness and the opinion of the two nurses that the testator was not of sound mind and memory. The will and codicil were attested in the manner required by the statute, and the court erred in holding the contrary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE COOKE, dissenting.