*In re* FERGUSON'S ESTATE.

HALLETT *v.* SCHOLES.

1. SUNDAY—WILLS—EXECUTION—STATUTES.
   A will may be valid though executed on Sunday as the statute forbidding secular work on Sunday is not applicable to wills (2 Comp. Laws 1929, § 9078).

2. SAME—STATUTES—WILLS.
   A will executed on Sunday in this State does not violate Sunday observance statutes as it is not a contract or present devise but an expression of desire consonant with due observance of the day (2 Comp. Laws 1929, § 9078).

3. WILLS—WITNESSES—WIFE OF EXECUTOR AS ATTESTING WITNESS.
   The wife of attorney who prepared will, naming such attorney as executor, was a competent attesting witness, as he takes no beneficial interest in it (3 Comp. Laws 1929, §§ 14217, 14218).

4. SAME—EXECUTOR OR WIFE AS ATTESTING WITNESS—FEES AND COMMISSIONS.
   The fees and commissions to which an executor is by law entitled in this State do not constitute such a beneficial interest as to render him or his wife incompetent to attest the execution of a will (3 Comp. Laws 1929, §§ 14217, 14218).

5. Same—Witnesses—Interest—Common Law—Statutes.
    The common-law exclusion of a witness on account of interest
        is abrogated by statute in this jurisdiction (3 Comp. Laws
        1929, §§ 14217, 14218).

6. Same—Attesting Witnesses—Mother of Principal Benefi-
    ciary.
    The mother of the principal beneficiary in a will is a competent
        attesting witness since the bequest to her son cannot be said
        to be a direct and immediate beneficial interest thereunder to
        her (3 Comp. Laws 1929, §§ 14217, 14218).

Appeal from Oceana; Pugsley (Earl C.), J. Submitted October 18, 1940. (Docket No. 125, Calendar No. 41,326.) Decided December 10, 1940.

Galen M. Hallett and another presented the last will and testament of Hallett T. Ferguson, deceased, for probate. Luetta A. Scholes and others objected thereto. Verdict and judgment for proponents in the circuit court. Contestants appeal. Affirmed.

*Norris, McPherson, Harrington & Waer* and *J. H. Sikkenga,* for proponents.

*Smedley & Stribley, Linsey, Shivel, Phelps & Vander Wal,* and *Gerald M. Meehan,* for contestants.

Wiest, J. This is a will contest. Testator Hallett T. Ferguson and his wife were injured in an automobile accident and taken to a hospital in Muskegon. There the wife died and the funeral was on Sunday. After his wife died, testator sent word to his attorney, who lived at Shelby, that he wanted to make his will, and on Sunday, the day of the funeral of the wife, the attorney and his wife drove from Shelby to Muskegon and there the will was prepared at the hospital, signed by the testator, and witnessed by the wife of the attorney and the mother

of the principal beneficiary in the will. The will nominated the attorney as executor. The testator died on Wednesday following the making of the will.

When the will was offered for probate, 11 cousins of the testator contested on the grounds that it was executed on Sunday and witnessed by the wife of the executor nominated therein and by the mother of the principal beneficiary and, therefore, not properly executed and attested.

The issues were tried to a jury in the circuit court, the will was admitted to probate, and the mentioned issues of law are here by appeal of the contestants.

The will was valid, though executed on Sunday. The statute, 2 Comp. Laws 1929, § 9078 (Stat. Ann. § 18.851), forbidding secular work on Sunday, is not applicable to wills. See Thompson on Wills (2d Ed.), p. 133, § 102; 1 Page on Wills (2d Ed.), p. 411, § 236; *Rapp* v. *Reehling,* 124 Ind. 36 (23 N. E. 777, 7 L. R. A. 498); *Bennett* v. *Brooks,* 91 Mass. 118; *George* v. *George,* 47 N. H. 27; *Beitenman's Appeal,* 55 Pa. 183. A will executed on Sunday in this State does not violate Sunday observance statutes, is not a contract or present devise but an expression of desire consonant with due observance of the day, and, in the instance at bar, there existed urgent reasons for speedy action.

The wife of the attorney who prepared the will, and whose husband was nominated executor therein, was a competent attesting witness.

As said in *Stewart* v. *Harriman,* 56 N. H. 25 (22 Am. Rep. 408), quoting from the syllabus:

"The executor named in a will, as also his wife, is a competent attesting witness, if he takes no beneficial interest under it.

"The fees and commissions to which an executor is by law entitled in this State, do not constitute such a beneficial interest as to render him or his wife incompetent to attest the execution of a will."

See, also, *Hayden* v. *Hayden,* 107 Neb. 806 (186 N. W. 972, 25 A. L. R. 305); *Snyder* v. *Bull,* 17 Pa. 54; *Jones* v. *Larrabee,* 47 Me. 474; *Geraghty* v. *Kilroy,* 103 Minn. 286 (114 N. W. 838); *Lord* v. *Miller,* 277 Mass. 276 (178 N. E. 649).

A contrary view is expressed in *Jones* v. *Grieser,* 238 Ill. 183 (87 N. E. 295, 15 Ann. Cas. 787); *Fearn* v. *Postlethwaite,* 240 Ill. 626 (88 N. E. 1057), and *Scott* v. *O'Connor-Couch,* 271 Ill. 395 (111 N. E. 272, L. R. A. 1916 D, 179), but based upon a construction of a statute of that State and not persuasive in the instance at bar.

The common-law exclusion of a witness on account of interest is abrogated by statute in this jurisdiction. 3 Comp. Laws 1929, §§ 14217, 14218 (Stat. Ann. §§ 27.912, 27.913). The mother of the principal beneficiary in the will was a competent attesting witness. The mother was not a beneficiary under the will and it cannot be said that the bequest to her son brought to her a direct and immediate beneficial interest thereunder.

As stated in 1 Page on Wills (2d Ed.), p. 518, § 321:

"A relative of a beneficiary may possibly be benefited personally by such gift in case such beneficiary makes a gift of such property to such relative by devise or otherwise, or in case such beneficiary dies intestate and such relative is his next of kin. This does not amount to an interest under the original will, and accordingly, such relative is a competent witness. This includes a father, or grandfather, son, or brother, of the beneficiary."

The judgment is affirmed, with costs against contestants.

Bushnell, C. J., and Sharpe, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.