IN RE ESTATE OF GUSTAV A. WIESE.
CITY TRUST & SAFE DEPOSIT COMPANY ET AL., APPELLEES, V. ALICE WIESE, APPELLANT.

FILED JUNE 5, 1915.    No. 18156.

1. **Wills: ATTESTATION: "COMPETENT WITNESS."** The term "competent witness," as used in the statute relating to the execution of wills, means a person who, at the time of making the attestation, could legally testify in court to the facts which he attests by subscribing his name to the will. Rev. St. 1913, sec. 1290.

2. ———: ———: ———. A devisee may be a competent subscribing witness to a will.

3. ———: PROBATE. In a proceeding to probate a will, the question to be decided is whether the instrument offered is the will of the decedent.

4. ———: SUBSCRIBING WITNESSES: COMPETENCY. A trust estate created by a will is not invalidated because the trustee is one of the two subscribing witnesses. Rev. St. 1913, sec. 1293.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*William Baird & Sons,* for appellant.

*John C. Cowin* and *T. F. Wiles, contra.*

Rose, J.

This is an appeal from the affirmance of an order probating the will of Gustav A. Wiese who died in Omaha, November 29, 1912. Testator bequeathed his wearing apparel to his brother, and devised the residue of his estate to the City Trust & Safe Deposit Company of Omaha, trustee. After making specific provisions for the benefit of his two sisters, he directed the trustee to invest the remainder of the trust estate in mortgages or bonds, and to divide the net income between his widow and his daughter until 1925, when they are to share equally the remainder of the trust estate if the widow survives and has not remarried. The daughter objected to the probating of that part of the will relating to the trust estate on the ground that John F. Flack, one of the two subscribing witnesses, was president of, and a stockholder in, the corporation named as trustee. The objection was overruled and the will was probated. Upon appeal to the district court the order of the probate court was affirmed. From the affirmance, contestant has appealed to this court.

The attestation of a will by two competent witnesses is a statutory requirement. Rev. St. 1913, sec. 1290. A "competent witness" is one "who, at the time of attesting a will, would be legally competent to testify in a court of justice to the facts which he attests by subscribing his name to the will." *O'Brien v. Bonfield,* 213 Ill. 428; note to *Bruce v. Schuler* (108 Va. 670) in 35 L. R. A. n. s. 688.

Contestant insists that Flack was not a "competent witness" to the will, within the meaning of the following provision of the code:

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Rev. St. 1913, sec. 7894.

In re Estate of Wiese.

This section was construed in *McCoy v. Conrad,* 64 Neb. 150, as follows: "In a contested proceeding for the probate of a will, the heirs at law of the alleged testator are not disqualified by the statute as witnesses to transactions and conversations with the deceased."

In that case statutes of several other states were discussed, and the Nebraska statute was distinguished. The decision follows *Brown v. Bell,* 58 Mich. 58. In the Michigan case the chief beneficiary was permitted to testify in support of the will. The conclusion of the court is that in a will contest there is no "representative of a deceased person." In *Lautenshlager v. Lautenshlager,* 80 Mich. 285, the *Brown* case is followed; the court remarking that the question would admit of argument, if an open one. In the Michigan cases a legatee was permitted, in a contest with the heirs, to testify to transactions with the deceased person. According to those precedents, Flack was a competent subscribing witness.

In a probate proceeding, the question to be decided is whether the instrument offered is the will of the decedent. Note to *Conoway v. Fulmer* (172 Ala. 283) in 34 L. R. A. n. s. 963.

Contestant also insists that the trust which testator attempted to create is void as being prohibited by the statute providing: "All beneficial devises, legacies, and gifts whatsoever, made or given in any will, to a subscribing witness thereto, shall be wholly void, unless there be two other competent subscribing witnesses to the same." Rev. St. 1913, sec. 1293.

It is insisted that, because the trustee's president was one of the two subscribing witnesses, the devise is "wholly void," since the trustee will receive compensation for its services. The proponent contends that the trustee will receive no gift under the will, and that its only benefit will be compensation for services. It has been held, though authority is divided, that the fees which would accrue to an executor, who was also an attesting witness, are not within the prohibition quoted. *In re Williams' Estate,* 50 Mont.

142; *Jones v. Grieser*, 238 Ill. 183, 15 Am. & Eng. Ann. Cas. 787. English courts, however, under a similar statute, have said that an executor, who is also a subscribing witness to a will, cannot receive a legacy providing compensation for services. *In re Barber*, 31 L. R. Ch. Div. (Eng.) 665; *In re Pooley*, 40 L. R. Ch. Div. (Eng.) 1. While this question was argued by the parties, it is not necessary to a decision, and will not now be determined.

The purpose of the legislation is to prevent fraud in the execution of wills by depriving a subscribing witness, unless there are two other competent witnesses, of all benefit under the will. The instrument itself and the trust created by it are valid. The policy of the law is to carry out the expressed intention of the testator. The beneficiaries of the trust should not be deprived of their rights by the acts of the trustee. It is a fundamental rule that equity will not allow a trust to fail for want of a trustee; and if it were held that the devise, so far as the interest of the trustee is concerned, were void, a court of equity would appoint a competent trustee to carry out the trust. It follows that the will was properly admitted to probate.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.