IN RE ESTATE OF LAURA V. KANE.
MAE M. HOLCOMB, APPELLEE, v. FRED A. KANE ET AL., APPELLANTS.

FILED DECEMBER 30, 1922.   No. 22162.

1. Witnesses: COMPETENCY: PROPONENT OF LOST WILL. In a proceeding to establish and probate a lost will, the proponent who is a devisee or an heir at law is not disqualified by the follow-

ing statutory provisions to testify to conversations between himself and testatrix, a deceased person, in regard to the execution and the contents of the lost will: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Comp. St. 1922, sec. 8836. .

2. Appeal: Findings by Court. Where the district court acts in the place of a jury in determining an issue of fact on conflicting evidence sufficient to support a judgment in favor of either party, the finding on that issue will not be reversed on appeal unless clearly wrong.

Appeal from the district court for Scotts Bluff county: Ralph W. Hobart, Judge. Affirmed.

L. L. Raymond and Morrow & Morrow, for appellants.

Mothersead & York, contra.

Heard before Morrissey, C. J., Letton, Rose, Dean, Flansburg and Day, JJ., Shepherd, District Judge.

Rose, J.

This proceeding was . begun in the county court of Scotts Bluff county to probate what is alleged to be the lost will of Laura V. Kane, deceased. The lost instrument offered for probate was dated January, 1914. Testatrix, a widow, died January 11, 1919, seised of 80 acres of land in Scotts Bluff county. Three children survive and all are over 30 years of age. They are Dorothy Cordelia Leek and Mae M. Holcomb, married daughters, and Fred A. Kane, son. According to the lost will the mother devised 50 acres of her land to Mae and the remaining 30 acres in equal shares to Dorothy and Fred. Mae is proponent and Fred and Dorothy are contestants. By objection and answer the execution of the purported lost will is denied. It is also alleged by contestants that the will offered for probate, if executed, was intentionally revoked or destroyed by their mother. The county court dismissed the proceeding, and proponent appealed to the

district court, where there was a trial without a jury, resulting in a decree establishing and probating the lost will. Contestants have appealed.

The principal question presented is the competency of testimony by Mae and her husband. They were permitted, over the objections of contestants, to testify to conversations between themselves and Laura V. Kane in regard to the execution and contents of her will. If there is a will, Mae, the proponent, is a devisee. If there is no will, she is an heir at law. It is strenuously argued that the district court, in overruling the objections, disregarded the statutory rule declaring:

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Comp. St. 1922, sec. 8836.

This statute does not disqualify Mae, though she is the proponent and a devisee, or an heir at law, as a witness in the contest of the will or destroy her testimony as to conversations between her and her mother. The question is not an open one in this state. The rule and the reasons on which it is based have been stated in several opinions. The proceeding to probate a will and the contest thereof do not diminish or increase the estate. The issue to be determined is the making of the will. Who succeeds to the property rights of decedent? In *McCoy v. Conrad,* 64 Neb. 150, the principle was announced in the following language:

"In a contested proceeding for the probate of a will, the heirs at law of the alleged testator are not disqualified by the statute as witnesses to transactions and conversations with the deceased."

This rule may apply to devisees and to proponents. In a later discussion it was said:

"The heir is not in all litigation concerning the estate of the deceased the representative of the deceased within

the meaning of our statute. It is only when he stands in place of the deceased so as to uphold a right that the deceased had at the time of his death that he may be said to represent the deceased. When the right of the deceased at the time of his death is not in controversy, but the question is to whom does that right descend, the heir, although a party to the litigation, does not in that action represent the deceased within the meaning of the statute." *Sorensen v. Sorensen,* 68 Neb. 509.

The doctrine has since been recognized as settled law in the case of *In re Estate of Wiese,* 98 Neb. 463, where it is said that in a will contest there is no "representative of a deceased person." While the courts in different jurisdictions are not in harmony on this question, the weight of authority and the better reasoning seem to support the doctrine announced in the former decisions of this court. See note in 51 L. R. A. n. s. 189, under the case of *Whitehead v. Kirk.*

Some confusion has apparently arisen from the following language used in the opinion in *McCoy v. Conrad,* 64 Neb. 150:

"After the will of a decedent has been established, the devisees and legatees are properly regarded as within the protection of the statute, but, so long as they are merely the proponents of a contested alleged will of the deceased, their interests are as clearly adverse to those of the heirs at law or other acknowledged representatives of the decedent as are those of other litigants seeking to recover against his estate on account of any other transaction had with him in his lifetime. In such litigation the plaintiffs or proponents, being named as devisees or legatees, as the case may be, are assailing the estate with the view of the appropriation of it, or of a part of it, to their own uses. Any such assailants are, therefore, clearly excluded by the statute, and so, of course, is an executor in the proposed will."

The last sentence in the excerpt is invoked by contestants to disqualify as a witness the proponent, a devisee, and her husband. No such an inference can be drawn from the opinion as a whole. The principle of law announced and the reasoning in the context show that proponent, a devisee, and her husband are not disqualified in the present contest to testify to conversations with testatrix in regard to the execution and the contents of the lost will. In overruling the objections, therefore, the trial court did not err.

It is also argued that the evidence is insufficient to sustain the findings of the district court. The sufficiency of evidence is not in doubt, when that of proponent and her husband is considered. The making, witnessing and publishing of the will in January, 1914, at the village of Chambers, in Holt county, are clearly shown. The devises in specific terms are also proved. There was testimony on both sides of the issue as to whether testatrix destroyed or revoked the will, but the trial court decided that issue in favor of proponent on evidence to support a finding either way. The findings have the force of a jury's verdict. There is no reason for disturbing those findings, and it follows that the judgment is

AFFIRMED.

