ANNA OLSON *et al.* Plaintiffs in Error, *vs.* HANNA LARSON *et al.* Defendants in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 10, 1926.*

WILLS—*will is not void where entire estate is given in trust to bank whose stockholders are attesting witnesses.* Where a testator gives all his estate, both real and personal, to a bank in trust; with directions to sell the real estate and dispose of the property for the benefit of certain named beneficiaries, without any gift over, and appoints the bank as executor, the will is not void because stockholders of the bank are the only attesting witnesses but the provision appointing the bank as trustee and executor is void, and as the trust cannot fail for want of a trustee, a competent trustee should be appointed as well as an administrator *de bonis non.* (*Scott* v. *O'Connor-Couch,* 271 Ill. 395, followed.)

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. CHARLES J. SEARLE, Judge, presiding.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, and ANDERSON & ANDERSON, for plaintiffs in error.

J. B. & J. L. OAKLEAF, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On June 27, 1924, Anna Olson, Nels Olson, Sigrid Jonsson, Ingrid Svensson, Bengta Jonsson, Bengta Larson, Nels Larson, Carl Larson, Anna Larson, Oscar Larson, Helga

Larson and Sven Larson, the plaintiffs in error, filed their amended bill in the circuit court of Rock Island county against Hanna Larson, individually and as executrix of the last will of Peter Larson, deceased, the State Savings Bank and Trust Company, Nels Larson, Louis Larson, Albert Larson, Elmer Larson, Oliver Olson, Elno Olson, Anna Larson, Christ Terkelson, William Runge, Edward Peterson, Robert Rank, administrator of the estate of James Green, deceased, Mrs. Andrew Anderson, J. Victor Holsten, John W. Johnson, Theodore Carlbert, Albert Nelson, the Moline City Hospital, Swedish Olive Lodge No. 583, I. O. O. F., George Benson, Florence Anderson, Anna Anderson, Ester Larson, Alma Nelson, and Sol Hirsch, surviving administrator *de bonis non* with the will annexed of the estate of Swan Larson, deceased, defendants in error, to set aside the last will and testament of Swan Larson on the ground that the only subscribing witnesses to the will were stockholders in the State Savings Bank and Trust Company, named in the will as executor and also as trustee. Hanna Larson, individually and as executrix of the last will and testament of Peter Larson, Louis Larson, Elmer Larson, Anna Larson and Robert Rank, administrator of the estate of James Green, demurred to the bill. All of the other defendants to the bill except Oliver Olson, Elno Olson, Christ Terkelson, the Moline City Hospital, Swedish Olive Lodge No. 583, I. O. O. F., and Alma Nelson, who have filed no pleadings, had previously filed their demurrers to the original bill and prior amendments. The circuit court sustained the demurrers to the bill as finally amended and dismissed it for want of equity. This writ of error has been sued out to review the record.

In addition to the facts above stated the following facts were averred in the amended bill: Swan Larson died seized of real estate of the value of $40,000 and possessed of personal property of the value of $50,000. He executed his will on November 9, 1912, and died on January 10, 1916,

leaving certain of the plaintiffs in error and defendants in error as his heirs-at-law. His will was filed in the probate court of Rock Island county and the State Savings Bank and Trust Company was appointed executor. Thereafter the county court revoked the letters testamentary issued to the bank as executor and appointed Peter Larson and Sol Hirsch administrators *de bonis non* with the will annexed. The administrators entered upon their duties, and thereafter Peter Larson died and Hanna Larson was appointed executrix of his last will.

The will of Swan Larson, after reciting the residence and age of the testator, contained this provision: "After the payment of all just debts and funeral expenses, I give, devise and bequeath to the State Savings Bank and Trust Company, a body corporate, organized under the banking laws of the State of Illinois, with its place of business at the city of Moline, in the county of Rock Island and State of Illinois, all of my property, both real and personal, wheresoever the same may be situated, to have and to hold the same as its own and absolute estate forever, in trust, nevertheless, for the following uses and purposes:" The will then directed the trustee therein appointed to sell the testator's real estate and convert the same into cash, and, after the expenditure of $500 for a suitable cemetery lot and monument for the testator, directed the trustee to pay the sums therein mentioned to the various named beneficiaries, all of whom are parties to this suit, either as complainants or defendants. The will then provided that in case the estate was not sufficient to pay all of the bequests, then all of the legatees should prorate in the estate; and further, that if there was any residue, the trustee was directed to prorate the same among the testator's brothers and sisters. The only subscribing witnesses to the will are Charles A. Berglund and Henry J. Gripp, who were, and still are, stockholders in the State Savings Bank and Trust Company, named as executor and trustee in the will.

By this writ of error the plaintiffs in error raise only two questions: (1) Was the will properly executed within the requirements of the statute on wills, the only subscribing witnesses being stockholders in the bank organized under the laws of Illinois and which is named as executor and trustee, to which bank the testator devised and bequeathed his entire estate in trust for the uses and purposes therein named and provided for no gift over? (2) Was the will properly executed under the conditions and provisions aforesaid where the will names the bank as executor?

These questions are settled by the decision of this court in the case of *Scott* v. *O'Connor-Couch*, 271 Ill. 395, in which case section 8 of the Wills act as amended was construed and applied to that case. That statute provides: "If any beneficial devise, legacy or interest shall be made or given in any will, testament, or codicil to any person subscribing such will, testament or codicil, as a witness to the execution thereof, or to the wife or husband of such person, such devise, legacy or interest shall, as to such beneficiary thereof, and all persons claiming under him, be null and void, unless such will, testament or codicil be otherwise duly attested by a sufficient number of witnesses, exclusive of such person, according to this act; and he or she shall be compellable to appear and give testimony on the residue of such will, testament or codicil, in like manner, as if no such devise or bequest had been made. But if such witness or beneficiary would have been entitled to any share of the testator's estate in case the will, testament or codicil was not established, then so much of such share shall be saved to such witness or beneficiary as shall not exceed the value of the said devise or bequest made to him or her as aforesaid. This act being remedial in character shall be construed liberally, and shall apply to cases arising on wills of persons deceased, prior to the adoption of this act, but not finally adjudicated."

This court in the *Scott case* held that a stockholder in a bank named as executor of a will is not a credible witness within the meaning of section 2 of the statute on wills and is incompetent to attest the will as a witness; also, that under section 8 of the act, if the interest as executor was the only interest of the attesting witness his incompetency was removed, and under that section the attesting witness may be compelled to testify if there are not sufficient witnesses without him, and that the appointment of the executor will be void. The plaintiffs in error insist that the decision in that case is at war with a long line of other cases decided by this court, and that therefore it ought to be overruled. We have carefully examined the cases to which plaintiffs in error have referred as being in conflict with the *Scott case.* We are satisfied with that decision and that it is not in conflict with the previous decisions of this court under the amended statute.

It is contended, also, that since the will devised the entire estate to the bank in trust the entire will is void for want of a sufficient number of attesting witnesses or competent witnesses; and if the devise to the bank as trustee is declared void and the witnesses are compelled to testify, there will be nothing left in the will, for the reason that all of the testator's estate is given to the bank. The statute specifically provides that a devise, legacy or interest to a subscribing witness shall be void. It does not avoid any devise, legacy or interest for the benefit of a person other than the subscribing witness and all persons claiming under him. To maintain the position contended for, it would be necessary to declare void not merely the interest as trustee that the bank would take, but also the whole devise and bequest to it for the benefit of the beneficiaries who are not subscribing witnesses and whose estate the statute does not assume to reach. Section 8 above quoted does not purport to make void the entire devise or bequest to the trustee but simply avoids the beneficial interest in that devise or bequest

to the trustee. The only part of the will that is void is that part appointing the trustee, as that is the only beneficial interest the attesting witnesses have. The trust remains the same. It is an elementary rule of law that a trust cannot fail for want of a trustee, and a competent trustee will be appointed whenever necessary to carry out the trust. In reality there is no substantial difference between the question of the validity of this will under the devise to the trustee and the will in the *Scott case,* wherein the appointment of an executor under that will was declared void. No devise in either case was, in fact, set aside or made void, but in the *Scott case* merely the provision appointing an executor was set aside, while in this case the provision appointing a trustee is set aside or declared void for the reasons aforesaid. In the case of *In re Wiese,* (Neb.) 153 N. W. 556, this identical question was before the court, and it was said: "The purpose of the legislation is to prevent fraud in execution of wills by depriving a subscribing witness, unless there are two other competent witnesses, of all benefit under the will. The instrument itself, and the trust created by it, are valid. The policy of the law is to carry out the expressed intention of the testator. The beneficiaries of the trust should not be deprived of their right by the acts of the trustee. It is a fundamental rule that equity will not allow a trust to fail for want of a trustee; and if it were held that the devise, so far as the interest of the trustee is concerned, were void, a court of equity would appoint a competent trustee to carry out the trust."

The court properly sustained the demurrers to the bill, and the decree of the circuit court is affirmed.

*Decree affirmed.*