*In re* ESTATE OF MARGARET P. BURD, Deceased (Susan Ross, Petitioner-Appellee, v. Kenneth F. Theisen, Ex'r of the Estate of Margaret P. Burd, Deceased, Respondent-Appellant).

Second District   No. 2—03—1321

Opinion filed December 13, 2004.

Thomas L. Brejcha, of Tews, Theisen & Lawler, of Chicago, for appellant.

Jack C. Mardoian, of Jack C. Mardoian, Ltd., of Lake Forest, James R. Carey, of Levin & Schreder, Ltd., and Daniel F. Marren, of Chuhak & Tecson, P.C., both of Chicago, and Michael F. Bonamarte III, of Highland Park, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

The former executor of Margaret P. Burd's estate, Kenneth F. Theisen (Theisen), appeals from the order of the circuit court of Lake County denying his motion to reconsider the circuit court's order removing him as executor. We reverse.

## I. BACKGROUND

Margaret Burd (Burd) had three children, Nancy Lefler, Robert Burd, and petitioner, Susan Ross. Burd signed her last will and testament on June 15, 2001. The will was witnessed by Theisen and his wife Mary Theisen. Theisen was Burd's attorney and had also represented other members of the Burd family, including Burd's three children, during the past 25 years. Theisen was also named as the executor of Burd's estate. Burd died on December 27, 2001.

On January 16, 2002, Theisen filed a petition for probate of will and for letters testamentary. On January 25, 2002, an order was entered admitting the will to probate and appointing Theisen as independent executor. Also on that date, an affidavit of heirship was filed upon which an order of heirship was entered. A waiver of notice, which had been signed by all three of Burd's children, was also filed on January 25, 2002. This waiver indicated, *inter alia*, that signing the document meant that the signer consented to the appointment of Theisen as "Independent Representative" of the estate. All three Burd children also signed an "Appearance and Proof of Will" form.

On February 25, 2002, petitioner's counsel sent a notice of motion to all parties regarding a petition for substitution of judge. On March 1, 2002, petitioner's counsel filed an appearance. Theisen acted as executor without objection to his representative status until March 4, 2003. On that date, petitioner filed her petition for revocation of let-

ters of office. The petition alleged that Theisen violated section 4—6(a) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/4—6(a) (West 2002)), which provides that an attesting witness forfeits any beneficial interest in a will unless certain exceptions, not applicable to this case, are present. Theisen argued in the trial court, *inter alia*, that the motion was not timely filed. The trial court granted the petition and removed Theisen as executor. Theisen filed a motion to reconsider which was denied. Theisen timely appealed.

## II. DISCUSSION

Theisen makes three contentions on appeal. First, that petitioner's motion for removal was time barred under Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)). Second, that petitioner's actions in the trial court amounted to a waiver of her right to challenge Theisen's appointment as executor. Third, that petitioner did not comply with the procedural and substantive requirement of section 23—2 of the Probate Act (755 ILCS 5/23—2 (West 2002)), which governs removal of executors. As we explain below, we agree with Theisen's first contention and we find our resolution of this issue dispositive.

■ Preliminarily, we note that the parties disagree as to the standard of review which is appropriate in this case. Theisen admits that, generally, the decision to remove an executor will not be reversed unless the decision was against the manifest weight of the evidence. *In re Estate of Kirk*, 242 Ill. App. 3d 68, 74 (1993). However, Theisen contends that when the decision to remove involves interpretation of law, our review should proceed *de novo*. We agree. In order to determine the appropriate standard of review, we must not simply look to the type of ruling being appealed, but we must analyze the contentions made by the appellant. An appeal from a given ruling could implicate several different standards of review depending on the appellate contentions. See *Franz v. Calaco Development Corp.*, 352 Ill. App. 3d 1129, 1137-39 (2004). As we have already stated, we will address only Theisen's first contention as our resolution of that issue is dispositive. However, we find it important to note that all three of Theisen's contentions on appeal do not dispute any factual findings of the trial court but, instead, Theisen asks us to determine the legal effect of a supreme court rule, certain sections of the Probate Act (755 ILCS 5/1—1 *et seq.* (West 2002)), and actions taken by petitioner. We review questions of law, including the construction of statutes and supreme court rules, *de novo*. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002).

■ Theisen contends that Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)) mandates that a motion to remove an executor must

be filed within 30 days of the order appointing the executor. Rule 304 states, in relevant part:

"(b) Judgments and Orders Appealable Without Special Finding. The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 155 Ill. 2d R. 304(b)(1).

The committee comments further elaborate on Rule 304(b)(1) by stating:

"Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." 155 Ill. 2d R. 304(b)(1), Committee Comments.

We construe supreme court rules in the same manner that we construe statutes. *Robidoux*, 201 Ill. 2d at 332. Therefore, our primary task is to ascertain and give effect to the intent of the drafters. *Robidoux*, 201 Ill. 2d at 332. The most reliable indicator of the intent of the drafters is the language of a rule, which should be given its plain and ordinary meaning. *Robidoux*, 201 Ill. 2d at 332. Committee comments to supreme court rules are not binding but they may be used to determine the application of a rule. *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 954 (1997). Committee comments can also be used in interpreting an ambiguous rule. *Hornburg v. Esparza*, 316 Ill. App. 3d 801, 806 (2000).

Petitioner contends that an order appointing an executor is not within the scope of Rule 304(b)(1). Petitioner asserts that an executor's status can never be final because an executor can be removed for a variety of reasons. However, at most, petitioner points out that Rule 304(b)(1) may be ambiguous as to whether an appointment order is appealable. Even if such an ambiguity is present, resort to the committee comments clearly resolves the ambiguity by stating that orders appointing an executor are appealable under Rule 304(b)(1). Similarly, any ambiguity as to whether an order removing an executor is appealable is resolved by the committee comments stating that such orders are appealable. See also *In re Estate of Moses*, 13 Ill. App. 3d 137, 145 (1973) (stating that, pursuant to Rule 304(b)(1) and the committee comments, the "order removing [the executor] was a final and appealable order"). Therefore, it is clear that Rule 304(b)(1) was meant to apply to appeals from orders appointing an executor and orders removing an executor. Other Illinois courts have discussed the committee comments in determining the scope of Rule 304(b)(1). See, *e.g.*, *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996).

Further, Illinois courts have decided that an appeal taken from an order within the scope of Rule 304(b)(1) must be taken within 30 days from the entry of the judgment or order or be barred. *Thorp*, 282 Ill. App. 3d at 616. "One of the central reasons for making appeals mandatory under Rule 304(b)(1) is to insure the certainty of some issues during lengthy procedures such as estate administration. [Citation.]" *Kelleher v. Hood*, 238 Ill. App. 3d 842, 846-47 (1992). Thus, any appeal from the order appointing Theisen as executor would have to have been filed within 30 days of the entry of the order to be considered timely. In this case, however, petitioner did not appeal the appointment of Theisen but instead chose to file a petition seeking his removal. As we have stated above, Theisen contends that the time limit for filing a notice of appeal also establishes the time limit for filing a petition for removal. We agree with Theisen that the time limit for filing a motion challenging his appointment for the reasons advanced by petitioner was 30 days from the order appointing him executor. However, we believe that this time limit is set by section 2—1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1203 (West 2002)), not by Rule 304(b)(1).

In *Lampe v Pawlarczyk*, 314 Ill. App. 3d 455 (2000), the court applied Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)) and section 2—1203 of the Code to a judgment within the scope of Rule 304(b)(1). *Lampe*, 314 Ill. App. 3d at 469. The court in *Lampe* determined that an appeal from an order under the scope of Rule 304(b)(1), namely, an order denying attorney fees in a trust matter, was untimely filed. *Lampe*, 314 Ill. App. 3d at 469. In coming to this conclusion, the court noted that the beneficiaries had filed a motion to reconsider. *Lampe*, 314 Ill. App. 3d at 469. The court stated that under Rule 303(a)(1) a postjudgment motion, such as a motion to reconsider, normally tolls the time for filing a notice appeal; however, tolling occurs only if the postjudgment motion is timely filed. *Lampe*, 314 Ill. App. 3d at 469. Rule 303(a)(1) states:

"(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill. 2d R. 303(a)(1).

Further, the court found that section 2—1203 of the Code was applicable. Section 2—1203 states:

"Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the

judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203 (West 2002). Therefore, the court found that the beneficiaries were required to file their motion to reconsider within 30 days from the entry of judgment in order for it to be considered timely. *Lampe*, 314 Ill. App. 3d at 469. Because the motion had been filed more than 30 days after the entry of judgment, the court held that the time for appeal had not been tolled. *Lampe*, 314 Ill. App. 3d at 469.

We find the analysis in *Lampe* persuasive. As Rule 304(b)(1) and the decision in *Thorp* make clear, a decision within the scope of Rule 304(b)(1) is a final and appealable judgment that must be appealed within 30 days or be barred. Consequently, as the court in *Lampe* found, we find that the rules for filing postjudgment motions must apply to judgments within the scope of Rule 304(b)(1) just as to they do to any other final and appealable judgment. In this case, petitioner filed what she referred to as a petition for revocation of letters of office. However, the petition for revocation of letters of office was based solely on facts that existed at the time of Theisen's appointment. More specifically, the motion sought Theisen's removal because he was an attesting witness to Burd's will. Petitioner does not contend that she was unaware of these facts at the time Theisen was appointed. Therefore, we believe that petitioner's motion was, in fact, a motion challenging the appointment of Theisen as executor. As Theisen had already been appointed at the time the motion was filed, the motion must be considered a postjudgment motion asking the court to reconsider Theisen's appointment as executor because of the alleged infirmities in Theisen's ability to be executor. Where, as in this case, the bases for challenging the appointment existed at the time of appointment and the interested party challenging the appointment was aware of the bases at the time of appointment, any postjudgment motions must be filed within 30 days of the order appointing the executor. Theisen was appointed January 25, 2002, and the motion was filed March 4, 2003. Obviously, the motion was filed beyond the aforementioned 30-day time limit.

Finally, we find it important to note that in her petition before the trial court, petitioner claimed that the appointment of Theisen as executor was null and void. Furthermore, in removing Theisen, the trial court stated that his appointment was void *ab initio*. It is true that the 30-day time limit for challenging Theisen's appointment would not be applicable if petitioner was challenging the judgment as void. A void judgment can be attacked at any time. *People v. Wade*, 116

Ill. 2d 1, 5 (1987). A void judgment is one in which the court lacked either the jurisdiction or the inherent power to enter the order. *Wade*, 116 Ill. 2d at 5.

■ Petitioner cited section 4—6(a) of the Probate Act as her authority for claiming that Theisen could not be executor. Section 4—6(a) of the Probate Act states:

"(a) If any beneficial legacy or interest is given in a will to a person attesting its execution or to his spouse, the legacy or interest is void as to that beneficiary and all persons claiming under him, unless the will is otherwise duly attested by a sufficient number of witnesses as provided by this Article exclusive of that person and he may be compelled to testify as if the legacy or interest had not been given, but the beneficiary is entitled to receive so much of the legacy or interest given to him by the will as does not exceed the value of the share of the testator's estate to which he would be entitled were the will not established." 755 ILCS 5/4—6(a) (West 2002).

Petitioner characterizes Theisen's appointment as executor as a beneficial interest under the will and reasons that his appointment is void because Theisen was an attesting witness. Even if Theisen's appointment as executor was a beneficial interest under section 4—6(a) of the Probate Act, which is a question we do not discuss due to our resolution of this appeal, we find that the statute would affect only the validity of the provision in the will providing for his appointment. The statute would not void the judgment appointing him as the executor.

Further, in her petition, petitioner cited *Scott v. O'Connor-Couch*, 271 Ill. 395 (1915), *Olson v. Larson*, 320 Ill. 50 (1925), and *Lawndale National Bank of Chicago v. Kaspar American State Bank*, 288 Ill. App. 555 (1937), for the proposition that the appointment of an executor who is also an attesting witness is null and void. However, the cases cited by petitioner state that a provision in a will naming an attesting witness, or certain persons or entities with relationships to an attesting witness, as executor is null and void. The cases do not hold that a judgment appointing an executor pursuant to a void provision in a will is itself void.

In *Scott*, our supreme court was presented with the issue of whether, under the statute applicable at the time, a bank could serve as executor when one of the two attesting witnesses to the will was a director and stockholder of the bank at the time the will was executed. *Scott*, 271 Ill. at 396-402. The court held that a director and stockholder received a beneficial interest through the earnings of the bank as executor and that "the only means by which the beneficial interest could be annulled would be by declaring the provision by

which he acquired it null and void." *Scott*, 271 Ill. at 401. The court further held that "[t]he legislative will that the beneficial interest of an attesting witness shall be null and void can only be made effective as to the stockholder of a corporation by declaring null and void the provision which gives an interest to his corporation." *Scott*, 271 Ill. at 401.

In *Olson*, our supreme court found that the provision in a will appointing a bank as executor and trustee was void because the attesting witnesses to the will were stockholders of the bank. *Olson*, 320 Ill. at 51-54. In holding that the remainder of the will was still valid, the court first stated that "[t]he only part of the will that is void is that part appointing the trustee." *Olson*, 320 Ill. at 55. The court then referred to *Scott* and stated that "in the *Scott case* merely the provision appointing an executor was set aside." *Olson*, 320 Ill. at 55.

In *Lawndale,* the appellate court followed *Olson* and *Scott* in holding that a provision in a will appointing a bank as executor and trustee was null and void because the attesting witnesses were stockholders of the bank. *Lawndale*, 288 Ill. App. at 559-63. The court stated that the rule from *Olson* and *Scott* provides that "the provision appointing the bank as trustee and as executor is void." *Lawndale*, 288 Ill. App. at 561.

■ It is clear that the three cases discussed above refer only to provisions in the will being void, not to a judgment being void. In our opinion, an order appointing an executor pursuant to a void provision in a will is not void but merely voidable. See *Parker v. Board of Trustees of Southern Illinois University*, 74 Ill. App. 2d 467, 469-71 (1966) (finding that an allegation that a stipulation as to property value in a condemnation suit was void due to an attorney's lack of authority to execute the stipulation was insufficient to show that the judgment based on the stipulation was itself void). A voidable judgment is one entered erroneously, either through mistake of fact or law or both, by a court having jurisdiction. *In re Custody of Ayala*, 344 Ill. App. 3d 574, 584 (2003). Even if the trial court's judgment was voidable, petitioner was required to follow the statutes and supreme court rules regarding challenging judgments. See *People v. Speed*, 318 Ill. App. 3d 910, 914 (2001) (holding that a voidable judgment is correctable on review if a *timely* appeal is taken).

There has been no contention that the trial court in this case did not have jurisdiction over either the subject matter of the probate action or the parties involved. Furthermore, the court does not lack the inherent authority to enter an order appointing an executor. See 755 ILCS 5/6—2 (West 2002) (providing that the trial court decides a petition to issue letters of office). Therefore, petitioner could not raise a

442

violation of section 4—6(a) of the Probate Act as a basis to contend that the judgment appointing Theisen as executor is itself void. Accordingly, we reverse the trial court's grant of petitioner's request to remove Theisen.

## III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County.

Reversed.

GROMETER and GILLERAN JOHNSON, JJ., concur.