# Illinois Official Reports

## Appellate Court

*City of Mascoutah v. Illinois Commerce Comm'n*, 2021 IL App (5th) 200386

| | |
|---|---|
| Appellate Court Caption | THE CITY OF MASCOUTAH, an Illinois Municipal Corporation, Petitioner, v. THE ILLINOIS COMMERCE COMMISSION; CARRIE ZALEWSKI, in Her Official Capacity as Commissioner; SADZI MARTHA OLIVA, in Her Official Capacity as Commissioner; D. ETHAN KIMBREL, in His Official Capacity as Commissioner; MARIA S. BOCANEGRA, in Her Official Capacity as Commissioner; MICHAEL T. CARRIGAN, in His Official Capacity as Commissioner; ROY A. WALLER, Individually and as Trustee of the Roy A. Waller Declaration of Trust Dated April 24, 1997; MARY ANN WALLER, Individually and as Trustee of the Mary Ann Waller Declaration of Trust Dated April 24, 1997; and AMEREN ILLINOIS COMPANY, Respondents. |
| District & No. | Fifth District<br>No. 5-20-0386 |
| Filed<br>Modified upon<br>denial of rehearing | August 9, 2021<br><br>September 23, 2021 |
| Decision Under Review | Petition for review of order of Illinois Commerce Commission, No. 18-1624. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Gary L. Smith, of Loewenstein & Smith, P.C., of Springfield, for petitioner.

Robert W. Funk and Thomas R. Stanton, Special Assistant Attorneys General, of Chicago, for respondent Illinois Commerce Commission.

Mark S. Cochran and Andrew G. White, of Bellatti, Barton, Cochran & White, LLC, of Springfield, for respondents Roy A. Waller and Mary Ann Waller.

No brief filed for other respondents.

Panel

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Welch and Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1    The petitioner, City of Mascoutah (City), an Illinois municipal corporation, petitions this court, pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017) for direct review of the September 23, 2020, order of the Illinois Commerce Commission (Commission), which denied its petition for approval to acquire, by eminent domain, easements over the property of Roy A. Waller and Mary Ann Waller (the Wallers), individually and as trustees of the Roy A. Waller Declaration of Trust and Mary Ann Waller Declaration of Trust dated April 24, 1997, in order to construct a power line to connect the City's power supply to the electricity infrastructure of Ameren Illinois Company (Ameren). For the following reasons, we dismiss the appeal for a lack of appellate jurisdiction.

¶ 2                                    I. BACKGROUND

¶ 3    On October 16, 2018, the City filed a petition with the Commission, seeking authority, pursuant to section 11-117-1 of the Illinois Municipal Code (65 ILCS 5/11-117-1 (West 2018)) to acquire, by eminent domain, easements over two adjacent lots, one owned by the Wallers, and the other owned by the Wallers as trustees of a declaration of trust (the Waller Real Estate), which is located outside of its city limits. The petition requested the approval of the Commission to proceed with an action in the circuit court of St. Clair County to acquire the easements by eminent domain, pursuant to the Eminent Domain Act (735 ILCS 30/1-1-1 *et seq.* (West 2018)). The Wallers and Ameren were granted leave to intervene in the proceedings before the Commission, and the parties and Commission staff (Staff) commenced

a "paper hearing" as set forth in section 200.525 of Title 83 of the Illinois Administrative Code. 83 Ill. Adm. Code 200.525 (1996).[1]

¶ 4    After the City, Staff, and the Wallers submitted all their prefiled testimony, evidentiary hearings were held before the administrative law judge on April 30 and May 15, 2019. Following the evidentiary hearing, the record was marked "Heard & Taken." On December 27, 2019, the Commission issued a proposed order. Thereafter, the parties filed briefs on exceptions and the Commission heard oral argument on July 20, 2020, after several continuances attributable to the COVID-19 pandemic.

¶ 5    On September 23, 2020, the Commission entered its final order on the City's petition for eminent domain authority. The Commission found that, based on the language of section 11-117-1 of the Municipal Code (65 ILCS 5/11-117-1 (West 2018)), for the Commission to reach a decision regarding the City's request "to acquire by eminent domain property without the corporate limits" of the City, the Commission must first determine "whether such *acquisition* is *necessary and in the public interest.*" (Emphases in original.) The Commission found that because the statute does not define "public interest" or "necessary" and does not offer a framework or guideline for making such a determination, the Commission has the sole discretion to make this determination. In exercising this discretion, the Commission found it prudent to review the City's request in the same manner as it reviews requests for eminent domain authority from public utilities under the Public Utilities Act (220 ILCS 5/1-101 *et seq.* (West 2018)). Based on this analysis, the Commission determined that the City's proposed use of its eminent domain authority was not in the public interest and denied the petition.

¶ 6    Following the Commission's order, the City filed a verified application for rehearing before the Commission, pursuant to section 10-113 of the Public Utilities Act. *Id.* § 10-113. In addition, the City filed a complaint for administrative review or a writ of *certiorari* in the circuit court of St. Clair County, stating that it also planned to file a petition for direct review to this court once the Commission ruled on its application for rehearing. According to the City's complaint for administrative review, the City filed the complaint "out of an abundance of caution to preserve subject matter jurisdiction whether it lies in the circuit court or the appellate court."

¶ 7    On November 5, 2020, the Commission denied the City's application for rehearing. On November 25, 2020, the City filed a petition for direct review of the Commission's order in this court pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017). On December 14, 2020, the City filed another complaint for administrative review or a writ of *certiorari* in the circuit court of St. Clair County. On December 16, 2020, the City filed a motion for a jurisdictional ruling in this court, stating that this case presents a jurisdictional question of first impression as to the proper method of obtaining review of an order of the Commission pursuant to section 11-117-1(2) of the Municipal Code. 65 ILCS 5/11-117-1(2) (West 2018). The City requested that this court enter an order determining whether it has jurisdiction of this appeal. The Commission filed a response to the motion, urging this court to find that it has jurisdiction

---

[1]Section 200.525 of Title 83 of the Illinois Administrative Code (83 Ill. Adm. Code 200.525 (1996)) provides that the parties and staff participating in the proceeding may stipulate that a matter be tried and resolved on the basis of written submissions that are verified and supported by affidavit and that the Commission may enter a final order in the matter in reliance thereon.

over this appeal pursuant to Rule 335. On January 6, 2021, this court entered an order taking the motion for a jurisdictional ruling with the case.

¶ 8　　This court entered its initial opinion dismissing this case for a lack of appellate jurisdiction on August 9, 2021. On August 30, 2021, the Commission filed a petition for rehearing, which this court has fully considered. We now enter this modified opinion upon the denial of rehearing.

¶ 9　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　　A reviewing court has a duty to consider its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). Our supreme court has described the principles applicable to the jurisdiction of the courts to review decisions of administrative agencies as follows:

> "Illinois courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction. [Citation.] That presumption is inapplicable, however, where administrative proceedings are involved. [Citation.] Illinois courts are empowered to review administrative actions only 'as provided by law.' Ill. Const. 1970, art. VI, § 6 (appellate court), § 9 (circuit court). When the legislature has, through law, prescribed procedures for obtaining judicial review of an administrative decision, a court is said to exercise 'special statutory jurisdiction' when it reviews an administrative decision pursuant to that statutory scheme. [Citation.] Special statutory jurisdiction is limited by the language of the act conferring it. [Citation.] A court has no powers from any other source. [Citation.]" *Ameren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13.

¶ 11　　Here, the City seeks, pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017), direct review of a decision of the Commission. While the Commission was created within the statutory scheme of the Public Utilities Act, primarily to regulate public utilities (220 ILCS 5/art. IV (West 2018)), a plethora of other statutes confer authority on the Commission to make decisions in a myriad of other matters as well. See, *e.g.*, 220 ILCS 30/1 *et seq.* (West 2018) (Electric Supplier Act); 625 ILCS 5/18a-100 *et seq.* (West 2018) (Illinois Commercial Relocation of Trespassing Vehicles Law); 625 ILCS 5/18c-1101 *et seq.* (West 2018) (Illinois Commercial Transportation Law); 65 ILCS 5/11-119.1-1 *et seq.* (West 2018) (Illinois Joint Municipal Electric Power Act). Thus, our supreme court has held that the procedures governing appeals from final administrative decisions of the Commission differ depending on the nature of the proceeding, as the terms of the statutes conferring decision-making authority on the Commission provide for differing methods of review. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642, ¶ 11. When the decision or order is entered by the Commission under the Electric Supplier Act (220 ILCS 30/1 *et seq.* (West 2018)) or the Illinois Commercial Relocation of Trespassing Vehicles Law (625 ILCS 5/18a-100 *et seq.* (West 2018)), those statutes provide that the appeal is " 'in accordance with the Administrative Review Law' " (735 ILCS 5/3-101 *et seq.* (West 2018)), which provides for initial review in the circuit court. *Madigan*, 2014 IL 116642, ¶ 11. If the appeal is from a decision or order entered by the Commission pursuant to the Illinois Commercial Transportation Law (625 ILCS 5/18c-1101 *et seq.* (West 2018)) or the Public Utilities Act (220 ILCS 5/1-101 *et seq.* (West

2018)), it is controlled by the terms of those particular statutes.[2] *Madigan*, 2014 IL 116642, ¶ 11.[3]

¶ 12    The decision of the Commission at issue in the City's petition for direct review was not entered pursuant to the terms of the above-enumerated statutes. Instead, it was entered pursuant to the authority given the Commission by section 11-117-1(2) of the Municipal Code, which provides that any municipality may

> "acquire, construct, own, maintain and operate without the corporate limits of any municipality any electric power lines or substations necessary solely to provide power or a source of power for such municipality, and, *when it is found necessary and in the public interest by the Illinois Commerce Commission*, to acquire by eminent domain any property without the corporate limits of any municipality for such purposes." (Emphasis added.) 65 ILCS 5/11-117-1(2) (West 2018).

¶ 13    Unlike the other above-enumerated statutes conferring decision-making authority on the Commission, section 11-117-1(2) of the Municipal Code (*id.*) does not set forth the method for review of the Commission's decision. When the act conferring power on an agency does not expressly adopt the Administrative Review Law and provides for no other form of review, a common-law writ of *certiorari* in the circuit court is the general method for obtaining review of administrative actions. *Applegate v. Department of Transportation*, 335 Ill. App. 3d 1056, 1061 (2002). Nevertheless, the Commission urges this court to find it has jurisdiction pursuant to section 10-201 of the Public Utilities Act (220 ILCS 5/10-201 (West 2018)) and permit the City's petition for direct review to move forward.

¶ 14    The Commission acknowledges that section 11-117-1(2) of the Municipal Code (65 ILCS 5/11-117-1(2) (West 2018)) neither defines the terms "necessary and in the public interest" nor offers a framework or guideline for making this determination. For this reason, the

---

[2]We note that, inexplicably, these statements by the supreme court conflict with the committee comments to Illinois Supreme Court Rule 335, which state that "The General Assembly has provided by law that *** any order or decision of the Illinois Commerce Commission (220 ILCS 5/10-201 (West 1992)) *** may be appealed directly to the Appellate Court." Ill. S. Ct. R. 335, Committee Comments (rev. Dec. 17, 1993). Of course, while the committee comments may be used persuasively to determine the application of a rule, they are not binding (see *In re Estate of Burd*, 354 Ill. App. 3d 434, 437 (2004)), whereas the decisions of our supreme court are binding authority and must be followed (*Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 347 Ill. App. 3d 828, 836 (2004)).

[3]In its petition for rehearing, the Commission cites *Village of Montgomery v. Illinois Commerce Comm'n*, 249 Ill. App. 3d 484, 490 (1993), as authority for this court's jurisdiction to directly review the Commission's order in this case. In *Village of Montgomery*, the court found that section 10-201 of the Public Utilities Act (220 ILCS 5/10-201 (West 1992)) conferred direct jurisdiction on the appellate court to review the Commission's decision under section 7 of the Emergency Telephone System Act (50 ILCS 750/7 (West 1992)) even though the Emergency Telephone System Act did not specify the method of review. *Village of Montgomery*, 249 Ill. App. 3d at 490-91. We find this holding is contrary to the pronouncement by our supreme court in *Madigan*, 2014 IL 116642, ¶ 11, and ignores the rule set forth in *Applegate v. Department of Transportation*, 335 Ill. App. 3d 1056, 1061 (2002), which we discuss *infra*. In addition, the holding in *Village of Montgomery* has been abrogated by statute, as the Emergency Telephone System Act has been amended to provide that the Statewide 9-1-1 Advisory Board, rather than the Commission, is responsible for implementing its provisions. See 50 ILCS 750/7 (West 2020). For all of these reasons, we decline to follow it.

Commission applied the standards set forth in sections 8-406(b)(1) and 8-509 of the Public Utilities Act (220 ILCS 5/8-406(b)(1), 8-509 (West 2018)) to determine whether the City's petition for approval should be granted. In making the determination that it should apply these standards to the petition, the Commission was guided by the legislative history to that section, in which statements were made suggesting that the intent of the drafters of the bill that created this provision of the Municipal Code was to have the Commission treat the petition the same as it would a petition brought by a public utility. See 77th Ill. Gen. Assem., House Proceedings, May 15, 1972, at 98-99 (statements of Representative Holloway). According to the Commission, because it rightfully applied the standards it uses when addressing similar issues arising under the Public Utilities Act to the City's petition, this court has the power of direct review of the Commission's decision pursuant to section 10-201 of the Public Utilities Act (220 ILCS 5/10-201 (West 2018)). We disagree.

¶ 15 Regardless of the standards that the Commission determined were proper to use to evaluate the City's petition, the petition was not brought pursuant to the Public Utilities Act but rather was brought pursuant to section 11-117-1(2) of the Municipal Code (65 ILCS 5/11-117-1(2) (West 2018)). In fact, the City's petition is excluded from the purview of the Public Utilities Act by the terms of section 10-101 (220 ILCS 5/10-101 (West 2018)), which authorizes the filing of a petition requesting the Commission to "hold investigations, inquiries and hearings concerning any matters covered by the provisions of [the Public Utilities] Act, or by any other Acts relating to public utilities." Municipalities are excluded from the definition of public utility set forth by the Public Utilities Act in section 3-105(b)(1), and therefore the subject of the City's petition is outside of the purview of section 10-101. See *id.* § 3-105(b)(1) ("public utility" does not include those owned and operated by any municipal corporation). As set forth above, it is the terms of the statute conferring power on the administrative agency to make a particular decision that governs the method of obtaining review of that decision, and the Municipal Code does not provide for direct review in this court of the Commission's decision under section 11-117-1(2). While municipalities are authorized to bring a petition pursuant to the Public Utilities Act, the subject of such a petition is required by that act to bear on a subject covered by that act. See *id.* § 10-108 (authorizing a municipal corporation to petition the Commission to address a violation of the Public Utilities Act). For these reasons, the City's petition does not fall within the purview of the Public Utilities Act.

¶ 16 In its petition for rehearing, the Commission urges this court to find that it is section 17-500 of the Public Utilities Act (*id.* § 17-500), rather than section 11-117-1 of the Municipal Code (65 ILCS 5/11-117-1 (West 2018)), that confers jurisdiction on the Commission to consider the City's petition and thus is the statute we look to in determining the method of review. We disagree. Section 17-500 of the Public Utilities Act is not the legislative enactment that confers power on the Commission to consider the City's petition. Rather, that section codifies the general rule that the Commission lacks jurisdiction over a municipal system but acknowledges that some sections of the Municipal Code provide exceptions to that rule.[4] It is

---

[4]Section 17-500 of the Public Utilities Act provides as follows:

"Except as provided in the Electric Supplier Act, the Illinois Municipal Code, and this Article XVII, the Commission, or any other agency or subdivision thereof of the State of Illinois or any private entity shall have no jurisdiction over any electric cooperative or municipal system regardless of whether any election or elections as provided for herein have been made, and all control regarding an electric cooperative or municipal system shall be vested in the electric cooperative's board of

section 11-117-1 of the Municipal Code that confers the authority on the Commission to approve the City's use of its eminent domain authority, and thus it is to section 11-117-1 that we must look to determine the method of review. See *Applegate*, 335 Ill. App. 3d at 1061. Because the legislature did not specify the method of review as to the Commission's decision, the decision is reviewable by virtue of a writ of *certiorari*. *Id.*

¶ 17 We note that this court has taken direct review of decisions of the Commission made pursuant to section 11-119.1-10 of the Illinois Joint Municipal Electric Power Act (65 ILCS 5/11-119.1-10 (West 1994)). See *Citizens United for Responsible Energy Development, Inc. (CURED) v. Illinois Commerce Comm'n*, 285 Ill. App. 3d 82 (1996). We acknowledge that this statute does not specify the method of review. However, at the time of that decision, section 11-119.1-10 specifically provided that a municipal power agency may exercise any and all of the powers enumerated therein, subject to the consent and approval of the Commission, "in the same manner and to the same extent as other public utilities." 65 ILCS 5/11-119.1-10 (West 1996). While the legislature expressly incorporated the provisions of the Public Utilities Act when conferring decision-making authority on the Commission related to municipal power agencies, it simply has not done so in conferring decision-making authority on the Commission related to approval of a municipality's decision to exercise its eminent domain authority outside of its city limits. While this court appreciates the Commission's position that the City's petition should be treated as one brought by a public utility, the subject matter jurisdiction of this court to take direct review over administrative decisions requires an express directive from the legislature. For these reasons, we find that this court does not have jurisdiction to proceed with direct review of the Commission's decision. Because the statute conferring this decision-making authority on the Commission does not specify the method of review, the City must petition for a writ of *certiorari* in the circuit court.

¶ 18                                    III. CONCLUSION
¶ 19 For the foregoing reasons, we dismiss this appeal for a lack of appellate jurisdiction.

¶ 20 Appeal dismissed.

---

directors or trustees or the applicable governing body of the municipal system." 220 ILCS 5/17-500 (West 2018).